Lawrence Wayne **SPRUILL** and Larry Spruill Company, Inc., Appellants,

v.

Diane **SPRUILL**, Appellee.

No. 6978.

Court of Appeals of Texas, El Paso.

Oct. 28, 1981.

Rehearing Denied Nov. 25, 1981.

Law Office of Bill Alexander, Bill Alexander, John L. Barnhill, Shafer, Gilliland, Davis, McCollum & Ashley, P.C., Tryon D. Lewis, Odessa, for appellants.

Hirsch & Bartley, H. Thomas Hirsch, W. R. Barnes, Odessa, for appellee.

Before STEPHEN F. PRESLAR, C. J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

The husband appeals the property division from a divorce suit. Trial was to a jury and based on the verdict rendered, the Court entered the divorce and property division. We affirm the judgment of the trial Court.

The parties were married in August, 1966, and had two children. In February, 1977, the wife, Diane Spruill, filed her suit for divorce against her husband and joined as a party Defendant the husband's primary corporation, the Larry Spruill Company, Inc. The husband owned forty-eight percent of the capital stock of this company before his marriage and after marriage acquired the balance of the shares of capital

stock by purchasing them with community funds. The evidence reveals that the husband was a successful mobile home dealer, the dealership being owned by the corporation. In addition to selling mobile homes, the husband had a fifty percent stock ownership in four other corporations which manufactured or sold apparatus in connection with mobile homes which he designed. The husband, for a substantial number of years prior to the divorce trial, had operated solely out of the Larry Spruill Company, Inc., or out of another of his corporations for all of his ordinary living expenses. The home where the parties lived was owned by the corporation and all of the motor vehicles, furniture and other assets, normally associated with being acquired by the community estate, were in fact owned by a corporate entity. The husband even paid for the food and other necessities of life from a corporate account. According to the husband's testimony, about the time that the divorce suit was filed, his business, from being very successful, took a turn for the worse. Thus, in December, 1976, he filed a financial statement with an Odessa bank showing that he and his wife had a net worth of approximately $400,000.00. On January 1, 1977, and again in 1978, the husband executed several promissory notes in the approximate amount of $285,000.00 to his business partner in New Orleans and pledged all of the stock in all of the various companies as security. Further, according to the husband's version, the promissory note indebtedness finally came to the total sum of $358,000.00 by June of 1978, and in July, 1979, the partner filed suit in New Orleans to foreclose on all of the corporate stocks that the husband and wife owned, and after he obtained judgment this completely wiped out the community estate. Finally, according to the husband, the community thus lost the house, the furniture, all of the mobile home inventory, all monies, the motor vehicles, and every other conceivable community asset. After the foreclosure by the partner, the husband was then hired by the partner to continue acting as president of Larry Spruill Company, Inc., at a salary of $1,000.00 a month and, according to the husband, the partner still remained his friend, although he had impoverished both the husband, the wife, and the children. During this time, the husband executed a second lien note and deed of trust to the First National Bank of Odessa covering the home in question. Also during these proceedings, the husband left his wife and children and moved in with his girl friend.

The judgment entered granted the wife the divorce, awarded custody of the children to the wife, awarded to her the sum of $7,000.00 in cash which was in the registry of the Court, awarded to her the cash surrender value of all life insurance policies as described in the evidence and, in addition, the sum of $30,000.00 cash to be paid by the husband together with legal interest thereon from the date of the divorce judgment.

The Court further found and determined that Larry Spruill Company, Inc. and Lawrence Wayne Spruill were one and the same; that the Defendant corporation became the alter ego of the husband; and that the notes executed by the husband in favor of his partner and the pledging of the corporate stock of the various corporations were all done by the husband to create a false community debt with the intent to defraud the wife of her community interest in the stock. Based on this, the husband's interest, if any, in the corporate stock of the Larry Spruill Company, Inc. and the four other subsidiary corporations was awarded to the wife; the wife and the minor children were awarded the sole use and occupancy of the home, together with all household goods, furniture, and furnishing and equipment located therein, insofar as any interest of the husband and the Larry Spruill Company, Inc. were concerned; and finally, all corporate records and all personal property, of whatever nature of the Larry Spruill Company, Inc. and other corporations, were awarded to her.

This brings us to a point where we can consider the status of this appeal. In the first place, the Defendant, the Larry Spruill Company, Inc., has not appealed the judgment of the trial Court. Though the

husband's brief refers to the corporation as an Appellant, the corporation did not file an appeal bond. Thus, the judgment as to the corporation is final and this Court has acquired no jurisdiction over the judgment insofar as it relates to that Defendant. Rule 356, Tex.R.Civ.P.; *Governing Board v. Pannill,* 561 S.W.2d 517, (Tex.Civ.App.— Texarkana 1977, writ ref'd n.r.e.).

In the second place, Larry Spruill makes many complaints regarding various jury findings regarding property without showing that he has been harmed or prejudiced in any way. The testimony by the husband was that at the time of trial the husband owned nothing but the clothes on his back. The Court found that the husband owned nothing, and this finding has not been attacked. An Appellant will not be favored with a reversal for error that does not prejudice him even though it might prejudice another party. Appellate Procedure in Texas, 2d Ed. sec. 20.3. With these ground rules before us, we will examine the points.

■ By his last point, the husband complains that the Court erred in entering judgment for the Plaintiff in the absence of the joinder of necessary parties. Under his argument, he contends that the partner and the First National Bank of Odessa were indispensable parties since the jury determined that both had participated with the husband in defrauding the wife of her ownership in the stocks and the house and, therefore, the judgment awarding the stocks and the house to her was void. We note that the Defendant husband did not raise the omission of these parties by any plea in abatement or by exception but chose to remain silent until he pointed the omissions out in his motion for directed verdict. If the parties were necessary parties rather than indispensable ones, the plea in abatement was necessary, otherwise, a waiver has been created. 2 McDonald, *Texas Civil Practice* sec. 7.13 (rev. 1970); 1 McDonald, *Texas Civil Practice* sec. 3.33 (rev.1981). In this case, the trial Court has determined that the wife be awarded the ownership of the stock certificates, the home and its contents, only insofar as the judgment may

effect the interest of the husband and wife. Under these circumstances, we hold that the missing parties were not indispensable parties. At best, a waiver has been presented. *See,* 1 McDonald, *Texas Civil Practice* secs. 3.28.1, 3.29 (rev.1981); annot. 63 A.L.R.3d 363 (1975). The point under consideration is overruled.

■ We will discuss two points that relate to a matter where the husband does have a definite interest, since the trial Court judgment for divorce did in effect award a monetary judgment in favor of the wife against her husband for $30,000.00. Professor Reed Quilliam has pointed out that the Courts have taken a dim view toward gifts by the husband to "strangers" of the marriage, particularly of the female variety. *See, Gratuitous Transfers of Community Property To Third Persons,* 2 Tex. Tech.L.Rev. 23, p. 40 (1970). It has further been pointed out that a trust relationship exists between husband and wife as to that community property controlled by each spouse and a presumption of constructive fraud arises when a spouse unfairly disposes of the other spouse's one-half interest in community property. Because of this, the burden of proof is upon the disposing spouse to prove the fairness of the disposition of the other spouse's one-half community ownership. *See, Carnes v. Meador,* 533 S.W.2d 365, at 370, (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.).

In this connection, proof was made in our case by the wife that before the divorce the husband was spending large sums of money on his girl friend. Regarding this evidence, two special issues were submitted. Issue Number Eight inquired if the husband spent community funds on the girl friend with the knowledge *or* consent of the wife. To this, the jury answered, "Yes." Issue Number Nine inquired as to what sum of money represented by community funds was spent on the girl friend. To this, the jury answered, "30,000.00."

■ Point Number Eight is that there was no evidence or insufficient evidence regarding the finding by the jury that the husband spent $30,000.00 in *community*

funds on the girl friend. Under this point, the husband's whole brief consists of one sentence, pointing out that on one page of the Statement of Facts the wife stated she did not know how much the husband had spent on other women. This briefing leaves something to be desired since the Statement of Facts consists of twelve-hundred pages of testimony and volumes of exhibits. Regardless, we have reviewed the record and under the appropriate rules regarding our consideration of "no evidence" and "insufficient evidence" contentions, the Eighth Point is overruled.

We assume that Special Issue Number Eight was submitted in an attempt by the husband to establish a defense to the wife's contention that she should be repaid for these fraudulent expenditures. Point of Error Ten complains of the entry of the judgment in favor of the wife for the recovery of her judgment against the husband since the jury found that the wife was aware of or consented to the expenditure of the community funds on the girl friend. The problem with this defense submitted by the husband is twofold. In the first place, the husband by the answer that he has secured to Issue Number Eight has not established that the community funds were spent on the girl friend with the consent of the wife so as to constitute a defense to any constructive fraud of the wife's rights. As far as the answer to the issue is concerned, it could have been answered because it was with the knowledge of the wife. This would be no defense to the constructive fraud. In the second place, the way the issues are framed, the answer to Special Issue Number Eight does not establish that the wife had knowledge of or consented to an expenditure of any amount of money other than "community funds." For all we know, it could have been $5.00, as there is no tying the answer to Special Issue Number Eight with the answer to Special Issue Number Nine. The defense urged by the husband based on the jury finding to Special Issue Number Eight fails. Point of Error Number Ten is overruled.

We have examined the balance of the husband's points and they present either no merit or present points where the husband cannot be harmed or prejudiced in any way. The balance of the points are overruled. While there may be defects in the judgment regarding the award made to the wife against the husband, we cannot grant relief where points regarding those defects have not been made.

The judgment of the trial Court is affirmed.