**Kymberly Benson LIFSHUTZ,**
**Appellant,**

v.

**James G. LIFSHUTZ, Liberty Financial Corporation, Liberty Properties Partnership, CJS & Associates, Ltd., Texas Home Improvements, Inc., and Berlee Lumber Company, Inc., Appellees.**

No. 04–99–00860–CV.

Court of Appeals of Texas,
San Antonio.

July 25, 2001.

Rehearing Overruled Aug. 29, 2001.

512

Sam C. Bashara, Law Offices of Sam C. Bashara, P.C., San Antonio, for Appellant.

Cheryl L. Wilson, Richard R. Orsinger, Ellen B. Mitchell, Law Office of Ellen B. Mitchell, P.C., James M. Pearl, Sol Casseb, III, Casseb & Pearl, Inc., San Antonio, for Appellee.

Before Justices CATHERINE STONE, PAUL W. GREEN and KAREN ANGELINI.

## OPINION

PAUL W. GREEN, Justice.

Appellant Kymberly Benson Lifshutz (Kymberly) complains the trial court abused its discretion by awarding her only twenty-five percent of the marital estate upon her divorce from appellee James C. Lifshutz (James). Cross-appellants Liberty Financial Corporation, Liberty Properties Partnership, Texas Home Improvements, Inc., Berlee Lumber Company, Inc., and CJS & Associates, Ltd. (the Companies) appeal the trial court's failure to award damages for breach of fiduciary duty by James Lifshutz. The Companies also appeal the trial court's finding that they are the alter ego of James Lifshutz and the court's piercing of the corporate entities. We affirm the trial court's judgment in part and reverse and remand in part.

## Background

Kymberly and James were married in 1990 and separated in 1997. Both parties came into the marriage with substantial separate property. During the marriage, James was employed as the President, CEO, or Managing Partner of the Companies. The trial court found all of James's interests in the Companies were his separate property because James either acquired those interests before marriage or by gift during marriage. Kymberly does not challenge the initial characterization of the Companies as James's separate property.

During the divorce dispute, Kymberly filed suit against the Companies, seeking to pierce the corporate veil and reach their assets for distribution as part of the community estate. The Companies filed a cross-action against James and Kymberly, alleging James breached his fiduciary duty. Among other things, the Companies allege James usurped corporate opportunities and used corporate funds to benefit himself and Kymberly. The Companies sought damages to recover corporate funds used by James for personal expenses and further requested the imposition of a constructive trust on assets acquired by Kymberly and James as a result of the breach of fiduciary duty. Some of the assets sought by the Companies were awarded to Kymberly as part of the marital property division.

Following a bench trial, the trial court found James had breached his fiduciary duty but denied the Companies' claim for damages and constructive trust. The trial court also found the Companies, except CJS, are the alter ego of James. Based on the finding of alter ego, the trial court pierced the corporate veil to the extent of James's one-third interest, increasing the community estate. The trial court also awarded Kymberly part of James's separate property pursuant to an agreement between the parties.

Kymberly's seven issues on appeal can be grouped as follows:

(1) Issues 1 and 2: did the trial court err by failing to characterize and value the assets and liabilities of the parties?

(2) Issues 3 through 6: Did the trial court abuse its discretion by making an unfair and unjust distribution of the community estate?

(3) Issue 7: Did the trial court err by forgiving interest on Kymberly's award of attorney's fees so long as the judgment was paid by November 1, 1999?

The Companies appeal: (1) the trial court's failure to award damages or impose a constructive trust for breach of fiduciary

duty; and (2) the trial court's finding of alter ego and application of piercing.

### Scope and Standard of Review

[redacted] Findings of fact made in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *Zisblatt v. Zisblatt,* 693 S.W.2d 944, 949 (Tex.App.-Fort Worth 1985, writ dism'd). As the trier of fact in a bench trial, it is the province of the judge to determine the credibility of the witnesses and the weight to be given their testimony, to believe or disbelieve all or any part of the testimony, and to resolve any inconsistencies in the testimony. *Robbins v. Roberts,* 833 S.W.2d 619, 624 (Tex.App.-Amarillo 1992, no writ). When there is conflicting evidence, the appellate court usually regards the finding of the trier of fact as conclusive. *See Jauregui v. Jones,* 695 S.W.2d 258, 263 (Tex.App.-San Antonio 1985, writ ref'd n.r.e.).

[redacted] Findings of fact are reviewed for legal and factual sufficiency of the evidence under the same standards applied to jury findings. *Zisblatt,* 693 S.W.2d at 949. We review a no-evidence challenge by considering all the record evidence in the light most favorable to the prevailing party, indulging every reasonable inference in that party's favor. *Associated Indem. Corp. v. CAT Contracting, Inc.,* 964 S.W.2d 276, 285–86 (Tex.1998); *Formosa Plastics Corp. v. Presidio Eng'rs & Contractors, Inc.,* 960 S.W.2d 41, 48 (Tex. 1998). We must sustain the no-evidence challenge when the record discloses: (1) a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharm., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997). In reviewing factual sufficiency of the evidence, we examine all the evidence and set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

### Discussion

### I. Findings of Fact

[redacted] Kymberly's first two issues relate to the trial court's findings of fact. In issue one, she complains the trial court's failure to characterize and valuate all assets prevents her from properly challenging the property division. However, the trial court is only required to make findings on controlling or ultimate issues, not evidentiary matters. *Hill v. Hill,* 971 S.W.2d 153, 155 (Tex.App.-Amarillo, 1998, no pet.); *Gutierrez v. Gutierrez,* 791 S.W.2d 659, 667 (Tex.App.-San Antonio 1990, no writ). The individual values of the property being divided, although related to the ultimate issue, are not controlling. *Finch v. Finch,* 825 S.W.2d 218, 221 (Tex.App.-Houston [1st Dist.] 1992, no writ). It is sufficient if the findings resolve the controlling issues and reveal the basis of the trial court's judgment. *Alvarez v. Espinoza,* 844 S.W.2d 238, 242 (Tex. App.-San Antonio 1992, writ dism'd w.o.j.). We overrule Kymberly's first issue.

In her second issue, Kymberly objects to the trial court's failure to adopt her proposed findings of fact. Each of the findings requested by Kymberly is either an evidentiary matter, unsupported by the record, or contrary to the findings made by the trial court. The trial court is not required to include such findings. *See Tamez v. Tamez,* 822 S.W.2d 688, 692–93 (Tex.App.-Corpus Christi 1991, writ denied). In this case, the refusal to include Kymberly's findings does not preclude re-

view of her points for appeal; therefore, there is no reversible error. *See id.* at 693. We overrule Kymberly's second issue.

## II. Piercing the Corporate Veil

Kymberly contends the trial court was correct when it pierced the corporate entities to characterize one-third of the Companies' assets as part of the community estate. Her complaint on appeal is that the trial court erred by awarding her only twenty-five percent of all the community property. The Companies attack the trial court's finding of alter ego and its decision to pierce the corporate veil.

### A. The application of alter ego and piercing the corporate veil in community property division

The doctrine of alter ego, in a traditional business context, allows the trial court to set aside the corporate structure of a company, or "pierce the corporate veil," to hold individual shareholders liable for corporate debt. *Castleberry v. Branscum,* 721 S.W.2d 270, 271–72 (Tex. 1986). Alter ego has two elements: (1) "such unity between corporation and individual that the separateness of the corporation has ceased," and (2) a finding that "holding only the corporation liable would result in injustice." *Id.* at 272. Traditionally, courts pierce the corporate structure to hold an individual officer, director, or stockholder liable for the debts of the corporation only where "it appears that the individuals are using the corporate entity

as a sham to perpetrate a fraud, to avoid personal liability, avoid the effect of a statute, or in a few other exceptional situations." *Zisblatt,* 693 S.W.2d at 950. Mere domination of corporate affairs by a sole stockholder or financial unity between shareholder and corporation will not justify disregard of the corporate entity. *Id.* at 950.

In exceptional circumstances, the principles of alter ego and piercing the corporate veil have been applied to divorce cases in what could be termed "reverse piercing." *See Zisblatt,* 693 S.W.2d at 952. Piercing the corporate veil in a divorce case allows the divorce court to characterize as community property corporate assets that would otherwise be the separate property of one spouse. *Id.; accord Vallone v. Vallone,* 644 S.W.2d 455, 458 (Tex. 1982) (alter ego is issue of fact from which the status of property as community or separate is determined). Unlike traditional piercing in which the stockholder is held liable for debts of the corporation, piercing in the divorce context allows the trial court to move assets out of the corporation and divide them between spouses as part of the shareholder's community estate. *See Zisblatt,* 693 S.W.2d at 955. The concepts of alter ego and piercing are applied in divorce cases to achieve an equitable result, that is, a just and right settlement of the marital estate.[2]

Generally, the trial court pierces in a divorce case to avoid leaving the com-

---

2. *Zisblatt,* 693 S.W.2d at 952. Alter ego and piercing is an equitable remedy separate and apart from the rule of reimbursement under which the community estate may be entitled to compensation for the time, talent, and toil of a spouse spent enhancing the value of a separate property corporation. *Id.* A spouse is entitled to spend a reasonable amount of talent and labor to manage and preserve the separate estate without changing the separate

character of that property. *See Jensen v. Jensen,* 665 S.W.2d 107, 109 (Tex.1984); *Vallone,* 644 S.W.2d at 458. However, a right of reimbursement to the community estate arises when community time, talent and labor are used to benefit and enhance the spouse's separate estate, beyond what is necessary for maintenance and preservation, without adequate benefit to the community. *Jensen,* 665 S.W.2d at 109; *Vallone,* 644 S.W.2d at 459.

munity estate with virtually no property. *Id.* at 953 (wife awarded separate corporate property because husband attempted to change the character of earned income by forming a corporation and depositing his income into corporate accounts, creating a fraud on the community); *Spruill v. Spruill,* 624 S.W.2d 694, 695–96 (Tex.App.-El Paso 1981, writ dism'd) (wife awarded corporate stock and assets where corporation owned the parties' home, furniture, automobiles and other assets, and corporation even paid food and other costs of living). Other courts have considered whether the conduct of the stockholder resulted in fraud upon the other spouse or third parties. *See Bell v. Bell,* 513 S.W.2d 20, 22 (Tex.1974); *Southwest Livestock & Trucking Co. v. Dooley,* 884 S.W.2d 805, 810 (Tex.App.-San Antonio 1994, writ denied); *Humphrey v. Humphrey,* 593 S.W.2d 824, 826 (Tex.Civ.App.-Houston [14th Dist.] 1980, writ dism'd).

 Thus to properly pierce in a divorce case, the trial court must find something more than mere dominance of the corporation by the spouse.[3] At the least, a finding of alter ego sufficient to justify piercing in the divorce context requires the trial court to find: (1) unity between the separate property corporation and the spouse such that the separateness of the corporation has ceased to exist, and (2) the spouse's improper use of the corporation damaged the community estate beyond that which might be remedied by a claim for reimbursement.[4]

**B. Sufficiency of the evidence**

Having defined the minimum requirements for piercing, we review the sufficiency of the evidence to support the trial court's finding of alter ego. The evidence is conflicting but there is at least some evidence James disregarded the corporate form and used corporate funds for personal dealings. Therefore, we defer to the trial court's implied finding of unity between the corporations and James' personal finances. *See Jauregui,* 695 S.W.2d at 263.

 Regarding the second requirement, however, James's alleged dominance of the corporation and disregard of the corporate entity is not enough to justify piercing in this case. The conduct which arguably supports the trial court's finding of alter ego is not conduct which harmed the community estate by converting community assets to separate corporate prop-

---

3. *See Goetz v. Goetz,* 567 S.W.2d 892, 896 (Tex.App.-Dallas 1976, no writ) (wife not entitled to award of separate property corporate assets even though husband was sole shareholder and committed some improprieties, where husband's improper use of corporation *did not damage community estate*). In the case before this court, the trial court held the proponent of alter ego need not show intent or fraud, only that an inequitable result will occur if piercing is not applied. We hold this statement is overbroad and misleading. It may be true the evidence need not show intent to defraud, but the inequity that justifies "reverse piercing" in a divorce case must stem from an improper transfer of community assets to the corporation.

4. The Companies assert there is a third element—a finding the corporate spouse is the

sole shareholder or the existence of other shareholders is a sham. *See, e.g.,Vallone,* 644 S.W.2d at 457; *Bell,* 513 S.W.2d at 21; *Eikenhorst v. Eikenhorst,* 746 S.W.2d 882, 887 (Tex.App.-Houston [1st Dist.] 1988, no writ); *Zisblatt,* 693 S.W.2d at 953–55 (husband was sole owner and his attempt to transfer stock to sister would be fraud on the community); *Humphrey,* 593 S.W.2d at 826; *Goetz,* 567 S.W.2d at 896; *Uranga v. Uranga,* 527 S.W.2d 761, 765 (Tex.Civ.App.-San Antonio 1975, writ dism'd); *Dillingham v. Dillingham,* 434 S.W.2d 459, 462 (Tex.Civ.App.-Fort Worth 1968, writ dism'd). We need not address this contention because Kymberly has not established the second element necessary for piercing.

erty. The trial court found James breached his fiduciary duty to the corporations by paying personal expenses through the businesses, failing to follow formalities, and purchasing notes for himself and Kymberly in contravention of his duty to the businesses. This activity actually enhanced the community at the expense of the corporations. There is no evidence James's alleged dominance and misuse of the corporate businesses resulted in a transfer of community property to the separate property corporations. The evidence does not reflect the egregious circumstances that have led other courts to pierce the corporate veil and characterize separate property corporate assets as community property.[5] We hold the trial court improperly pierced the corporate entities. Because of the piercing, the trial court considered more property in making its division than was available to the community estate; therefore, we overrule Kymberly's issues three through six, complaining the trial court did not award her a just percentage of the marital property. We sustain the cross-appellants' issues regarding alter ego and piercing.

### C. Application to partnership interest

■ Liberty Properties Partnership argues piercing is not appropriate for a partnership. Under the Texas Revised Uniform Partnership Act, a trial court may not award specific partnership assets to the non-partner spouse in the event of a divorce. TEXAS REVISED PARTNERSHIP ACT, TEX.REV.CIV. STAT. ANN., art. 6132b–5.01, –5.02, –5.03, –5.04 (Vernon Supp.2001); *McKnight v. McKnight*, 543 S.W.2d 863, 867–68 (Tex.1976). The trial court may only award the spouse an interest in the partnership. Kymberly argues as a matter of policy that a partnership should be treated the same as a corporation. However, the comment of the bar committee to section 6132b–5.01 specifically notes the statute incorporates the limitation that "a partner's spouse has no community property right in partnership property."[6] TEX.REV.CIV. STAT. ANN. art. 6132b–5.01 cmt. Because legislative intent is clear and the Texas Supreme Court has followed that dictate, we hold the trial court improperly pierced Liberty Properties Partnership.

### D. Harmless error

■ Because of the piercing, the trial court improperly characterized James's separate property in dividing the community assets. Ordinarily, even where the trial court errs in its characterization, we will not overturn the division of property unless the trial court abused its discretion by making a manifestly unfair division. *Humphrey*, 593 S.W.2d at 827–28. However, the finding of alter ego also affected the trial court's decision to deny the Companies damages for breach of fiduciary duty. Therefore, we turn to the issue of James's breach of fiduciary duty to determine whether we may affirm the property division or whether we must remand for new trial.

---

**5.** If the evidence supports a finding that James was undercompensated for his time and talent spent increasing the value of his separate interests, Kymberly may have a claim for reimbursement to the community. This maintains our state's adherence to the long-standing rule that property held by a spouse before marriage or acquired by gift remains separate property. *See Jensen*, 665 S.W.2d at 109.

**6.** The statute reads: "A partner is not a co-owner of partnership property and does not have an interest that can be transferred, either voluntarily or involuntarily, in partnership property." TEX.REV.CIV. STAT. ANN., art. 6132b–5.01; *see also* TEX.REV.CIV. STAT. ANN., art. 6132b–5.04 (in divorce, spouse is treated as transferee of partnership interest).

## III. Breach of Fiduciary Duty

The trial court found James breached his fiduciary duty to the Companies. However, the trial court did not award damages because it held: "based on the alter ego finding, [the] Third Party claims were unfounded and if successful, would indeed result in an inequitable division of the community property of the Petitioner and Respondent." Clearly, the trial court denied damages for breach of fiduciary duty based on its holding that the Companies were the alter ego of James.[7] Although other grounds for denial of damages for the fiduciary claims were pled, including estoppel, ratification, and acquiescence, the trial court stated no other ground for its decision.

Kymberly argues we may imply the trial court found the other shareholders ratified or consented to James's misconduct. We disagree. There is no finding of fact or conclusion of law suggesting the trial court based its decision on any ground other than alter ego. Based on the record before this court, it is equally plausible to suggest the trial court did not consider the issues of estoppel, ratification and consent because the determination of alter ego made other findings extraneous. *See Well Solutions, Inc. v. Stafford*, 32 S.W.3d 313, 316–17 (Tex.App.-San Antonio 2000, no pet.) (interpreting the scope of Tex.R.App. P. 33.1). We hold remand of the fiduciary claim is necessary for the trial court to determine whether damages should be awarded for that breach.

 We may not remand a portion of a matter unless "that part is separable without unfairness to the parties." Tex. R.App. P. 44.1(b). We may not remand a case for new trial solely on unliquidated damages if liability was contested in the trial court. *Id.; Estrada v. Dillon*, 44 S.W.3d 558, 562 (Tex.2001). Because liability was contested with regard to breach of fiduciary duty, we remand the entire issue for new trial on liability and damages.

Any change in the trial court's judgment on liability or damages for breach of fiduciary duty could potentially result in a loss of property from both the community estate and Kymberly's separate estate. Because of this possibility, the property division must be remanded, including the award of attorney's fees. *See Jensen*, 665 S.W.2d at 110 (remand is proper in the interest of justice).

### Conclusion

Accordingly, we affirm the trial court's judgment dissolving the marriage and establishing custody and maintenance of the children. We reverse and remand for new trial on breach of fiduciary duty and the division of community property.

---

7. We note the trial court found CJS was not part of the community estate and not the alter ego of James, yet no damages for breach of fiduciary duty were awarded to CJS. It appears the trial court improperly included CJS with the alter ego business entities for the purpose of denying fiduciary damages.