11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

Strand Systems
Engineering, Inc. 

Appellant 

Vs.                   No.
11-02-00115-CV B Appeal from Dallas County

Richard Chapman

Appellee

 

This is an
appeal from a judgment entered after a nonjury trial where the trial court
entered a take-nothing judgment against appellant.  We affirm.

Appellant,
Strand Systems Engineering, Inc., is an engineering company.  Richard D. Marter is CEO, president, and the
chief licensed engineer.  Appellant
contracted with Dominion Classic Homes whereby appellant was to conduct
inspections necessary to obtain a certificate of occupancy on houses that
Dominion was building.  Appellee,
Richard Chapman, is a subcontractor who did inspections for appellant at the
time this suit was instituted. 
Inspections were conducted on one such house known as the APariseau@ house in Plano. The Pariseaus complained of damage caused by improper
inspections.  Appellant settled the claim
with the Pariseaus for $200,000. 
Appellant, claiming that the inspections actually had been conducted by
appellee, sued appellee for breach of contract, violation of Deceptive Trade
Practices Act,[1]
negligence, fraud, negligent misrepresentation, malice, contribution, and
indemnity.  

In its
first two issues on appeal, appellant challenges the factual sufficiency of the
verdict.  In its third issue on appeal,
appellant contends that it is entitled to recover damages and attorneys fees. 








The
standards that apply to a review of jury findings also apply to findings made
by the trial court after a bench trial. 
Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex.1994). In a factual
sufficiency challenge,  we must review
all of the evidence and determine whether the challenged finding is so against
the great weight and preponderance of the evidence as to be manifestly unjust.
Cain v. Bain, 709 S.W.2d 175 (Tex.1986). 
It is the role of the judge, as the trier of fact in a bench trial, to
determine the credibility of the witnesses and the weight to be given their
testimony, to believe or disbelieve all or any part of the testimony, and to
resolve any inconsistencies in the testimony. 
Lifshutz v. Lifshutz, 61 S.W.3d 511 (Tex.App. B San Antonio 2001, pet=n den=d).

Appellant
contends that appellee either failed to inspect the home or that he improperly
inspected it.  Appellant further claims
that appellee forged Marter=s signature to letters in which he stated that the house passed
inspection and was in compliance with the City of Plano standards.  However, the only evidence offered by
appellant was the testimony of Marter that he was familiar with appellee=s handwriting and that he believed that the
letters were signed by appellee with Marter=s name.  Marter testified that
appellant had a contractual arrangement to pay the independent inspectors by
inspection report.  There were two
inspection reports prepared by appellee which were admitted into evidence.  An inspection report is a work order that
tells who the client is, the date, the location, and what type of inspection
took place.  An inspection letter is a
letter to the builder, in this case, Dominion, that certifies that an
inspection has been done, and to the results of the inspection. There were
seven inspection letters admitted into evidence which Marter testified were
signed by appellee.  When asked why
there were inspection letters without inspection reports, Marter testified: 

Well, I don=t know.  I don=t know.  
This B this business of ours generates boxes and
boxes full of documents, and...we are unable to keep track of them all.  We did the best we could to find what we
could.

 

Appellee
testified that he had no recollection of doing the inspection on the Pariseaus= house. Appellee further testified that he
did not sign the letters concerning the house. 
Appellee testified that, when he did an inspection, he turned in a
report and that either he or the office manager composed a letter.  Appellee testified that:   AThey can=t find them [inspection reports] on these
other inspections, so as far as I know, I didn=t do them.@  

Based on
the record before us we find that the evidence is factually sufficient to
support the trial court=s judgment.  We overrule
appellant=s first two issues.








To recover
attorney=s fees under TEX. CIV. PRAC. & REM. CODE
ANN. ' 38.001 (Vernon  1997), a party must:  (1)
prevail on a cause of action for which attorney=s fees are recoverable and (2) recover damages.   State Farm Life Insurance Company v.
Beaston, 907 S.W.2d 430, 437 (Tex.1995).  
Here, appellant did not prevail or recover damages and, therefore, is
not entitled to attorney=s fees.  Appellant=s third issue is overruled.

The
judgment of the trial court is affirmed. 

 

JIM
R. WRIGHT

JUSTICE

February 27, 2003

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.











[1]The TEX. BUS. & COM. CODE ANN. ch. 17 et seq.
(Vernon 2002) cause of action was dismissed at trial due to lack of notice.