COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-04-106-CV

 

 

GROVER C. GIBSON                                                            APPELLANT

 

                                                   V.

 

LEHOMA JOYCE GIBSON                                                        APPELLEE

 

                                              ------------

 

           FROM
THE 322ND DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                             OPINION

 

                                              ------------








This is an appeal from the
trial court=s property
division in a divorce proceeding.  In two
points, appellant Grover C. Gibson contends that the trial court erroneously
awarded appellee Lehoma Joyce Gibson property owned by a limited partnership in
which appellant held a community property partnership interest and that the
trial court denied him due course of law by delaying the final division of the
marital estate until two years and eight months after trial. Because we
conclude that the trial court=s award of the partnership property to appellee constituted reversible
error, we reverse and remand in part and affirm in part.  

In his first point, appellant
contends that the trial court abused its discretion by awarding appellee
property owned by GCG Partners, L.P., a limited partnership that appellant and
his son Glen formed for investment purposes. 
The evidence at trial showed that appellant owned a fifty-percent
community property interest in the limited partnership[1]
and Glen owned the other fifty-percent interest.  The partnership=s assets consisted mainly of real property worth approximately
$373,000 and $15,000 in cash and securities. In its final decree, the trial
court awarded the following to appellee:

With
respect to the limited partnerships [sic] known as GCG Partners, L.L.P. [sic],
[appellee] is awarded all of the community interest including the
partnership interest in the real estate located at 5900 Lovell, Fort Worth,
Texas, including but not limited to the note payable dated December 20, 1993,
in the amount of $160,000.00 payable to [appellant] to the parties from GCG,
all furniture, fixtures, machinery, equipment, inventory, cash, receivables,
accounts, goods, and supplies; all personal property used in connection with
the operation of the business; and all rights and privileges, past, present, or
future, arising out of or in connection with the operation of GCG
Partners.  [Emphasis supplied.]

 








Thus, the trial court=s order purported to award appellee not only appellant=s community property partnership interest in GCG Partners, but also an
interest in specific partnership property. 
The trial court also ordered appellant to vacate the building at 5900
Lovell on or before January 9, 2004.

The limited partnership
agreement of GCG Partners provides that A[a]ll property owned by the [p]artnership . . . shall be deemed to be
owned by the [p]artnership as an entity; and no [p]artner, individually, shall
have ownership of such property.@  In addition, the Texas Revised
Limited Partnership Act (TRLPA) provides that a partner has no interest in
specific limited partnership property.[2]
Under both the limited partnership agreement and TRLPA, the community interest
in GCG Partners was personal property.[3]








A trial court may not award
specific partnership assets to a nonpartner spouse.[4]  Only a partner=s partnership interestCthe right to receive a share of the profits and surpluses from the
partnershipCis subject
to division in a divorce proceeding.[5]  Accordingly, the trial court abused its
discretion by awarding GCG=s partnership property to appellee.

An error of law that causes
the rendition of an improper judgment is reversible error.[6]  Divesting a partnership that is not a party
to a divorce proceeding of partnership property and awarding that property to a
nonpartner spouse is reversible error.[7]









Because the trial court
committed reversible error when it purported to award GCG=s partnership property to appellee, we must reverse the trial court=s judgment as to the property division and remand the case to the
trial court to redivide the parties= community estate.[8]  We affirm the portion of the judgment
granting the parties a divorce.

 

 

JOHN CAYCE

CHIEF JUSTICE

 

PANEL A:   CAYCE, C.J.; HOLMAN and GARDNER, JJ.

 

DELIVERED:  March 30, 2006

 











[1]Appellant=s
interest consisted of a one-percent interest as a general partner and a
forty-nine percent interest as a limited partner.  





[2]Tex. Rev. Civ. Stat. Ann. art.
6132a-1, ' 7.01
(Vernon Supp. 2005).





[3]Id.





[4]See Lifshutz
v. Lifshutz, 61 S.W.3d 511, 518 (Tex. App.CSan
Antonio 2001, pet. denied).





[5]Young
v. Young, 168 S.W.3d 276, 287 (Tex. App.CDallas
2005, no pet.).





[6]See Tex. R. App. P. 44.1(a).





[7]See
Siefkas v. Siefkas, 902 S.W.2d 72, 79-80 (Tex. App.CEl
Paso 1995, no writ) (holding that trial court reversibly erred by dividing
property that may have been owned by appellant=s
professional corporation, which was a separate legal entity and not a party to
the proceedings); cf. Eggemeyer v. Eggemeyer, 554 S.W.2d 137, 142 (Tex.
1977) (holding that divesting a spouse of separate property is reversible
error); Smith v. Smith, 22 S.W.3d 140, 147 (Tex. App.CHouston
[14th Dist.] 2000, no pet.) (same).  On
rehearing, appellant argues for the first time that the trial court=s
erroneous order awarding the partnership property to appellee is void.  Appellant cites no legal authority for this
argument.  See Tex. R. App. P. 38.1(h) (requiring
appellate arguments to be supported by legal authority).  A trial court=s
judgment is void only when the court rendering the judgment had no jurisdiction
over the parties, no jurisdiction over the subject matter, no jurisdiction to
render the judgment, or no capacity to act as a court.  Mapco, Inc. v. Forrest, 795 S.W.2d
700, 703 (Tex. 1990). A judgment based on an erroneous holding of substantive
law, including the award of partnership property to a nonpartner spouse in a
divorce proceeding, merely renders the judgment voidable, not void.  Reiss v. Reiss, 118 S.W.3d 439, 443
(Tex. 2003).

 





[8]In
light of our holding, we need not consider appellant=s
second point, in which he complains that the trial court denied him due process
of law by delaying the final division of the community estate for two years and
eight months after trial.  See Tex. R. App. P. 47.1.