Opinion issued June 12, 2008











     







In The
Court of Appeals
For The
First District of Texas




NO. 01-04-01062-CV




KENNETH RAY MARCUM, Appellant

V.

DARLENE J. MARCUM and SCS MANAGEMENT SERVICES, INC.,
Appellees




On Appeal from the 245th District Court
Harris County, Texas
Trial Court Cause No. 2002-43175






MEMORANDUM OPINION
          Appellant, Kenneth Ray Marcum, appeals from (1) the final decree of divorce
rendered by the trial court in the divorce suit filed by appellee, Darlene J. Marcum,
and (2) the order granting a directed verdict for appellee, SCS Management Services,
Inc. In his first issue, Kenneth contends that the trial court erred by allowing Darlene
six peremptory challenges and SCS three peremptory challenges when he received
only six challenges. In his second issue, Kenneth asserts that the trial court erred by
granting a directed verdict in favor of SCS because Kenneth presented some evidence
justifying a submission to the jury on the theory that SCS was Darlene’s alter ego. 
We conclude that Kenneth was not harmed by any error in allocating peremptory
challenges. We also conclude that there was no evidence to warrant submission of
the alter ego claim to the jury. We affirm.
BackgroundKenneth and Darlene were married in 1993, but separated in 1998. Darlene
filed a petition for divorce from Kenneth in August 2002. Kenneth filed a counter-petition for divorce, in which he alleged that SCS was Darlene’s alter-ego and that
SCS was properly characterized as community property, not Darlene’s separate
property. Kenneth also sought reimbursement to the community estate for “funds or
assets expended by the community to benefit or enhance [Darlene’s] and/or [SCS’s]
separate estate.” SCS answered with a general denial. Although represented by the
same counsel before this Court, Darlene and SCS had separate counsel for the trial.
          Prior to trial, Darlene filed a “Motion to Equalize Peremptory Strikes.” In the
motion, Darlene suggested that she and Kenneth should each have six peremptory
challenges and that SCS should have three. As grounds, Darlene asserted,
The interests of Darlene and SCS Management Services, Inc., while
similar are not exactly the same. There is some potential for antagonism
between Darlene Marcum and SCS Management Services, Inc. . . . . 
SCS Management Services, Inc.’s only issue in this case is defending
against the claim of alter ego, which it would not have to do but for
Kenneth Marcum enjoining it in the suit.

          During a pretrial conference five days before the trial began, the parties
discussed the motion with the trial court. Darlene stated that she was “closely
aligned” with SCS, “but there is some antagonism.” Kenneth objected, asserting,
“they’re about as close to being aligned as anybody can be.” SCS responded that it
would be seeking to protect SCS’s assets and, “[w]hile the individuals may be
arguing about the character of the stock and stockholding, protection of those assets
is very different from that argument.” The trial court, after Darlene and SCS
represented that they wished to voir dire the panel and exercise peremptory
challenges separately, stated
All right, you’re striking separately. I will give them three and the
parties each six. If you strike together, I won’t give them that many, but
if they’re not going to be in the same room striking, then—but you will
not strike together. You won’t confer together. You won’t talk
together. You are totally and completely independent of each other in
the striking process.

Kenneth’s counsel asked, “May you note my exception on the record, Your Honor?” 
The trial court replied “Your exception is noted.”
          At trial, SCS moved for a directed verdict on the issue of alter ego. The trial
court granted the motion, denying all relief requested by Kenneth against SCS. 
However, the claims for reimbursement were submitted to the jury. The trial court
instructed the jury to “[s]tate the amount of the reimbursement claim, if any, proved
in favor of . . . [t]he community estate against DARLENE J. MARCUM’s separate
estate.” The trial court instructed the jury that “A claim for reimbursement for funds
expended by an estate to pay debts, taxes, interest, or insurance for the property of
another estate is measured by the amount paid. . . . A spouse seeking reimbursement
has the burden of proving each element of the claim by a preponderance of the
evidence.” The jury found no reimbursement claim, stating the amount of the
reimbursement shown was zero dollars.
Directed Verdict
          In his second issue, Kenneth contends that the trial court erred by granting a
directed verdict in favor of SCS. Specifically, Kenneth contends that he presented
some evidence to support submitting a question to the jury concerning his alter ego
theory.
A.      Standard of Review
          A directed verdict in favor of a defendant is proper when the plaintiff does not
present evidence that raises a fact issue essential to the plaintiff’s right of recovery
or when the plaintiff admits or the evidence conclusively establishes a defense to the
plaintiff’s cause of action. Prudential Ins. Co. v. Fin. Review Servs., 29 S.W.3d 74,
77 (Tex. 2000). In reviewing a directed verdict, the standards are the same as a legal
sufficiency challenge. City of Keller v. Wilson, 168 S.W.3d 802, 823 (Tex. 2005). 
We “[c]redit[] all favorable evidence that reasonable jurors could believe and
disregard[] all contrary evidence except that which they could not ignore.” Id. at 830.
A directed verdict would be improper if the evidence is within a “zone of reasonable
disagreement.” See id. at 822. 
B.      Alter Ego
          A trial court generally pierces a corporate veil in a divorce case because the
community would otherwise have virtually no property. Lifshutz v. Lifshutz, 61
S.W.3d 511, 516–17 (Tex. App.—San Antonio 2001, pet. denied) (citing Zisblatt v.
Zisblatt, 693 S.W.2d 944, 953 (Tex. App.—Fort Worth 1985, writ dism’d) and Spruill
v. Spruill, 624 S.W.2d 694, 695–96 (Tex. App.—El Paso 1982, writ dism’d)). In a
divorce case, a finding of alter ego sufficient to justify piercing the corporate veil
requires, at least: (1) unity between the separate property corporation and the spouse
such that the separateness has ceased to exist and (2) the spouse’s improper use of the
corporation damaged the community estate beyond that which might be remedied by
a claim for reimbursement. Young v. Young, 168 S.W.3d 276, 281–82 (Tex.
App.—Dallas 2005, no pet.) (citing Lifshutz, 61 S.W.3d at 517). “A right of
reimbursement arises when the funds or assets of one estate are used to benefit and
enhance another estate without itself receiving some benefit.” Vallone v. Vallone,
644 S.W.2d 455, 459 (Tex. 1982). “A party claiming the right of reimbursement must
plead and prove that the expenditures and improvements were made and that they are
reimbursable.” Hailey v. Hailey, 176 S.W.3d 374, 384 (Tex. App.—Houston [1st
Dist.] 2004, no pet.) (citing Vallone, 644 S.W.2d at 459).             
C.      Analysis
          Here, in his counter-petition for divorce, Kenneth requested the trial court “to
reimburse the community estate for funds or assets expended by the community estate
to benefit or enhance [Darlene’s] and/or [SCS’s] separate estate.” As noted above,
this issue was submitted to the jury, but the jury found no reimbursement claim,
stating the amount owed by Darlene’s separate estate to the community was zero
dollars.
          Kenneth asserts that Darlene’s use of SCS as her alter ego damaged the
community estate in the following ways:
•Darlene improperly transferred $15,475 from the community to
SCS;
 
•Darlene’s accountant testified that he has performed services for
SCS for which he billed Darlene; 
 
•Community funds were used to pay the mortgage on an office
building built on property owned by SCS;
 
•Community funds were used to repair property owned by the
community even though the lease required SCS to make any
improvements; and
 
          •        SCS did not pay rent on property leased from the community.

These damages are all items that the jury was asked to decide under the instructions
for a claim for reimbursement. Kenneth has not identified any damage that is beyond
that which might be remedied by a claim for reimbursement. See Young, 168 S.W.3d
at 282; Lifshutz, 61 S.W.3d at 517. We conclude that the trial court did not err by
granting a directed verdict because Kenneth did not produce any evidence that
Darlene’s improper use of SCS damaged the community in a way that cannot be
remedied by a claim for reimbursement.
          We overrule Kenneth’s second issue.
Number of Peremptory Challenges
          In his first issue, Kenneth contends that the trial court erred by allowing 
Darlene six peremptory challenges and SCS, her separate property corporation, three
peremptory challenges, while limiting Kenneth to only six challenges. 
A.      Law Concerning Allocation of Peremptory Challenges
           Each party in a civil action is entitled to six peremptory challenges in a case
tried to the district court. Tex. R. Civ. P. 233. In multiple party cases, it is the trial
court’s duty to decide, before the exercise of peremptory challenges, whether any of
the litigants aligned on the same side


 of the docket are antagonistic with respect to
any issue to be submitted to the jury. Id. In addition, upon the motion of any litigant
in a multiparty case, it is also the trial court’s duty to equalize the number of
peremptory challenges so that no litigant or side is given an unfair advantage as a
result of the alignment of the litigants and the award of peremptory challenges. Id. 
Thus, when multiple litigants are involved on one side of a lawsuit, the threshold
inquiry before allocating peremptory challenges is whether any of those litigants are
antagonistic with respect to an issue of fact that the jury will decide. See Van Allen
v. Blackledge, 35 S.W.3d 61, 64 (Tex. App.—Houston [14th Dist.] 2000, no pet.)
(citing Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 5 (Tex. 1986); Garcia v. Cent.
Power & Light Co., 704 S.W.2d 734, 736 (Tex. 1986); Patterson Dental Co. v. Dunn,
592 S.W.2d 914, 918 (Tex. 1979)). If no antagonism exists, each side must receive
the same number of challenges. See id. 
          Error in the allocation of peremptory challenges among the parties must be
preserved by a timely objection. Id. at 65; see In re T.E.T., 603 S.W.2d 793, 798
(Tex. 1980); Patterson Dental Co., 592 S.W.2d at 921. “In the Rule 233 context, the
proper time to object to the trial court’s allocation of peremptory challenges is at the
same time that the determination of antagonism by the trial court should be
made—after voir dire and prior to the exercise of the peremptory challenges allocated
by the court.” Van Allen, 35 S.W.3d at 65. However, an objection may be timely if
it is made as soon as a party learns of the lack of the antagonism, even if that occurs
after the jury is empaneled and sworn. See In re M.N.G., 147 S.W.3d 521, 533–34
(Tex. App.—Fort Worth 2004, pet. denied) (citing Van Allen, 35 S.W.3d at 66–67). 
           To obtain reversal of a judgment based upon a trial court’s error, an appellant
must show that (1) the error occurred and (2) it probably caused rendition of an
improper judgment, or probably prevented the appellant from properly presenting the
case to the appellate court. Tex. R. App. P. 44.1(a). An error in the allocation of
peremptory challenges requires reversal only if the complaining party can show that
the trial was materially unfair. See Van Allen, 35 S.W.3d at 66 (citing Garcia, 704
S.W.2d at 737). This showing is made from an examination of the entire trial record. 
Id. If the trial is hotly contested and the evidence sharply conflicting, the error in
awarding peremptory challenges results in a materially unfair trial. Id. (citing 
Garcia, 704 S.W.2d at 737); see also Lopez v. Foremost Paving, Inc., 709 S.W.2d
643, 644 (Tex. 1986). When the parties on one side collaborate on the exercise of
their peremptory challenges so that no double strikes are made, this factor supports
a finding that the parties have used their ostensibly antagonistic positions unfairly. 
In re M.N.G., 147 S.W.3d at 532 (citing Lopez, 709 S.W.2d at 645). Factors that can
indicate a hotly contested trial include the number of questions submitted to the jury,
whether the verdict was unanimous, and whether there was a motion for summary
judgment or motion for instructed verdict. Patterson Dental Co., 592 S.W.2d at 921. 
The harm analysis is done by examining the entire trial record. In re M.N.G., 147
S.W.3d at 533. 
B.      Analysis 
          Kenneth asserts that Darlene and SCS are not antagonistic to one another on
an issue that would be submitted to the jury. Thus, Kenneth contends, the allocation
of extra strikes to Darlene and SCS resulted in a materially unfair trial because the
trial was hotly contested and the evidence sharply conflicting.
          Darlene and SCS respond that (1) Kenneth failed to preserve error by failing
to timely object to the trial court’s apportionment of peremptory challenges;


 (2) the
trial court did not err because Darlene and SCS were “partially antagonistic”; and (3)
Kenneth failed to show how he was harmed, assuming that the trial court erred in its
allocation of peremptory challenges.
          1.       Preservation of Error
          Darlene and SCS contend that Kenneth failed to preserve error on the
allocation of peremptory challenges because he did not object after completion of voir
dire but before the peremptory challenges were made.
          Here, the issue of the allocation of strikes was raised pre-trial by Darlene. At
that time, Kenneth objected. The trial court implicitly overruled the objection by
granting Darlene’s motion, giving SCS three peremptory challenges in addition to
Darlene’s six. After the trial court announced this decision, Kenneth once more
informed the court that he excepted to the trial court’s ruling. Because Darlene raised
the issue of peremptory strikes pretrial and Kenneth made the trial court aware of his
objection to the allocation of peremptory challenges before they were made, we
conclude that Kenneth preserved this issue for review. See In re M.N.G., 147 S.W.3d
at 533–34 (citing Van Allen, 35 S.W.3d at 66–67).
          2.       Antagonism
          Kenneth contends that the trial court erred by determining that Darlene and
SCS were antagonistic to one another. Specifically, Kenneth asserts that Darlene and
SCS’s interests with respect to the alter ego claim “were obviously not in conflict to
any extent.” Darlene and SCS respond that, if the issue of alter ego had been
presented to the jury, “SCS’s motivations and explanation for certain acts could have
and would have been antagonistic to Darlene because the corporate assets would have
been at stake.”
          The first element of Kenneth’s alter ego claim is that there was a unity between
Darlene and SCS such that SCS’s corporate separateness ceased to exist. See Young
v. Young, 168 S.W.3d at 281; Lifshutz, 61 S.W.3d at 517. Both Darlene and SCS
could defeat an alter ego claim by showing that Darlene observed corporate
formalities and did not improperly use the corporation for personal reasons, such as
paying personal debts or expenditures. See Young at 282–83. Both Darlene and SCS
similarly would want the assets to remain beyond Kenneth’s grasp, even if the
motivations for each could be different—Darlene to protect her separate property
estate and SCS to protect the company and its assets for the sake of its stockholder,
Darlene, and employees. Because Darlene and SCS both had similar interests
regarding Kenneth’s alter ego claim, we conclude that the trial court erred by
determining that there was antagonism between Darlene and SCS. See Patterson
Dental, 592 S.W.2d at 918 (noting that defendants are antagonistic with each other
when each one is contending that other is solely responsible for plaintiff’s injuries);
see also “Y” Propane Serv., Inc. v. Garcia, 61 S.W.3d 559, 570 (Tex. App.—San
Antonio 2001, no pet.) (holding no antagonism between parties although earlier,
superseded pleadings showed potential for future suit for contribution). 
          3.       Harm Analysis
          Although there was no antagonism between Darlene and SCS, we may not
reverse unless the error “probably caused the rendition of an improper judgment.” 
Tex. R. App. P. 44.1(a)(1). Here, Kenneth contends that the trial was materially unfair
because the trial was “hotly contested and the evidence sharply conflicting.” See Van
Allen, 35 S.W.3d at 66. Kenneth also points out that the jury verdict was a ten-to-two
decision.
          Although the verdict in this case was ten to two, because we have concluded
that the trial court properly directed a verdict on behalf of SCS on the alter ego claim,
the evidence was not sharply conflicting at least with respect to this claim. See
Patterson Dental Co., 592 S.W.2d at 921. Although Kenneth asserts that issues
regarding the division of property and the characterization of many assets were hotly
contested, Darlene and SCS were represented by separate counsel who conducted voir
dire along differing lines, an indication that they had different concerns in selecting
a jury. In addition, the trial court required Darlene and SCS to exercise their
peremptory strikes separately, without collaboration. Compare In re M.N.G., 147
S.W.3d at 532 (noting that fact that parties on one side collaborate on exercise of
peremptory challenges so that no double strikes are made supports conclusion that
parties have used ostensible antagonism unfairly) (citing Lopez, 709 S.W.2d at 645). 
The record indicates that at least one double strike was made in selecting the jury. 
See id. Finally, although 37 questions were submitted to the jury, these all related to
characterization and valuation of property and the propriety of several transactions
that Darlene made, not to any issue regarding the use of SCS in a manner to damage
the community estate. Because (1) the evidence was not sharply conflicting with
respect to the only issue concerning SCS, (2) Darlene and SCS were represented by
separate counsel who conducted separate voir dire, (3) Darlene and SCS exercised
their peremptory strikes without collaboration, and (4) at least one double strike was
made in selecting the jury, we cannot conclude that the trial was so “hotly contested”
and the evidence so “sharply conflicting” that SCS being granted three peremptory
challenges resulted in a materially unfair trial to Kenneth. 
           We overrule Kenneth’s first issue.
Conclusion
          We affirm the judgment of the trial court.



                                                                        Elsa Alcala
                                                                        Justice

Panel consists of Justices Nuchia, Alcala, and Hanks.