701 P.2d 265

**Bill L. SHERRY, Plaintiff-Appellant-Cross Respondent,**

v.

**Sharon SHERRY, Defendant-Respondent-Cross Appellant.**

No. 14838.

Court of Appeals of Idaho.

May 23, 1985.

John Ohman and Christine Burdick, Cox & Ohman, Idaho Falls, for plaintiff-appellant-cross respondent.

Roger B. Wright, Voshell & Wright, Idaho Falls, for defendant-respondent-cross appellant.

WALTERS, Chief Judge.

This is an appeal and cross appeal by both the husband and the wife in a divorce action. They each seek review of the division and distribution of property made by the district court. The judge awarded to the wife a community interest in a family corporation, even though the husband's and wife's interests in the corporation had been sold prior to the divorce proceedings. The court also confirmed certain real property to the wife as her separate property and concluded that the community had no interest in that property. The husband appeals those decisions, and also seeks a reduction in the amount of child support he was ordered to pay. In her cross appeal, the wife contends the court improperly treated her pension fund as community property and improperly denied her request for attorney fees. We affirm in part, vacate in part, and remand.

Bill and Sharon Sherry were married in 1955. In 1973, the Sherrys incorporated a wood working business, called Rocky Mountain Mill Work, Inc. (Rocky Mountain). Bill Sherry was a full time employee and the chief executive officer of the corporation. In 1975, the Sherrys sold all the outstanding shares of Rocky Mountain's stock, which totaled 1000 shares, to another employee of Rocky Mountain. Thereafter, Mr. Sherry was not active in the corporation until 1977, when the Sherrys purchased 510 shares of stock, a controlling interest, in Rocky Mountain. Mr. Sherry was rehired by Rocky Mountain and again became the chief executive officer. Sometime in the fall of 1981, before he filed a divorce complaint, Mr. Sherry sold the 510 shares to Craig Sherry, the Sherrys' son and who also was an employee of

Rocky Mountain. Bill Sherry continued as an employee and operating officer of the corporation. The separate real property at issue was inherited by Mrs. Sherry in 1976.

The contested findings of fact and conclusions of law were entered by the district court in an amended divorce decree filed in October, 1982. The judge awarded to Mrs. Sherry a community property interest in Rocky Mountain, even though the Sherrys no longer owned stock in that corporation. Without making specific findings regarding fraud, the court simply stated in a finding of fact that the "said sale or transfer is not to be recognized as against any community interest defendant may have in the corporation." In order that the wife might receive compensation for her interest in Rocky Mountain, the court awarded to her a one-half interest in fifty-one percent of the corporation's accounts receivable. In the event the accounts receivable were inadequate or were uncollected, Mrs. Sherry received a lien in the residence awarded to Mr. Sherry, which lien was "instituted presently." The judge also confirmed the wife's inherited property to her as separate property, and found no community interest in the property. Mr. Sherry was ordered to pay $300 per month child support to Mrs. Sherry for the two minor children in her custody.

A procedural issue, argued by both parties, concerns a motion made by the husband to reduce the amount of child support payments. After he filed his notice of appeal from the judgment entered in the district court (which included notice that he was appealing the child support award), the husband filed a motion with the district court to reduce the level of support payments. The motion was assigned to the magistrate division, but one magistrate judge declined, on jurisdictional grounds, to hear the motion. The district court then ordered the magistrate division to resolve the jurisdiction issue, and thereafter another magistrate judge considered the husband's motion. The new magistrate also declined to hear the case, concluding that the magistrate division lacked authority to modify the district court order while an appeal from that order was pending in the appellate courts. Thereafter, on stipulation of the parties, the magistrate acted as a special master to make findings of fact. Based on the magistrate's findings, the district court declined to modify the child support award. The husband contends the magistrate improperly declined to exercise jurisdiction to hear his motion to reduce the child support payments. He also insists the findings do not support the decision to maintain the level of support payments. Mrs. Sherry urges that the magistrate correctly decided not to exercise jurisdiction and that the findings amply support the decision to refuse modification of the support payments.

### 1. Distribution of the Rocky Mountain stock.

■ Whether a sale of a community asset is fraudulent as to one member of the community so as to be disregarded in a divorce proceeding involves a question of fact and a question of law. The factual determination concerns the events surrounding the sale of the property; the question of law is a determination whether the events surrounding the sale constitute a level of fraud sufficient to disregard the sale for purposes of a property distribution. Idaho Rule of Civil Procedure 52(a) obligates the trial court to "find the facts specially and state separately its conclusions of law thereon...." Our task in this case is to determine whether the findings of fact are supported by substantial evidence in the record and whether the findings of fact support the conclusions of law. *See Fahrenwald v. LaBonte*, 103 Idaho 751, 653 P.2d 806 (Ct.App.1982). In the event the findings of fact are lacking for purposes of appeal, we may disregard the inadequacy only if the record is clear and yields an obvious answer to the relevant factual question. *See Pope v. Intermountain Gas Co.*, 103 Idaho 217, 646 P.2d 988 (1982).

■ As previously noted, the district court made no factual findings regarding

the sale of the stock. Thus, we are faced with a bare conclusion that the sale should be disregarded for property distribution purposes. Nor does the record yield an obvious answer to the factual question. The record does not clearly indicate that the sale of stock was intended to prevent distribution of the shares in the divorce proceeding or that the value received for the stock was grossly inadequate. The little evidence presented regarding the stock's value was disputed. Because there are no findings of fact to support the court's conclusion, we must vacate the decision to disregard the sale of Rocky Mountain stock and remand for entry of factual determinations. *See Donndelinger v. Donndelinger*, 107 Idaho 431, 690 P.2d 366 (Ct.App.1984).

 In the event the facts justify a conclusion that the stock sale should be set aside, Mrs. Sherry is entitled to an award of her share of the community interest in the Rocky Mountain stock. Absent a finding that the corporate status of the business should be disregarded, she is not entitled to an award of corporate assets. *See Duke v. Duke*, 605 S.W.2d 408 (Tex.Civ. App.1980) (corporate identity should not be disregarded in property distribution absent a showing of a sham, fraud, or injustice to the non-employee spouse). Instead, assuming a community interest in the Rocky Mountain shares, the wife is entitled to one-half of the shares or to one-half the value of the shares at the time of the divorce, *see Simplot v. Simplot*, 96 Idaho 239, 526 P.2d 844 (1974), when—as in this case—the court seeks to divide the community estate substantially equally. *Donndelinger v. Donndelinger, supra*. If the court makes an award for the value of the stock rather than dividing the stock between the parties, "it is essential that the trial court make an accurate determination of the *market values* of the [stock] prior to making an award." (Emphasis supplied). *Simplot v. Simplot*, 96 Idaho at 245, 526 P.2d at 850. Thus, on remand, the district court must determine the market value of the stock as of the date of the divorce. The court may award one-half of the com-

munity interest in the stock to the wife and may secure payment of the award with a lien on property awarded to the husband. However, where no facts are in evidence to justify disregarding the corporate entity, the district court may not make a direct award of a portion of the corporation's accounts receivable.

### 2. The separate real property.

 We find no error in the court's conclusion that the wife's separate real property contained no component of community property. Generally, property acquired by either spouse during marriage is community property. I.C. § 32–906. An exception to the general rule is property acquired by bequest, devise, or descent. I.C. § 32–903. Neither party disputes the separate character of the residence inherited by Mrs. Sherry, but Mr. Sherry believes the property's value was enhanced through efforts of the community. When community labor or funds enhance the value of separate property, the amount of the enhancement is community property for which the community is entitled to reimbursement. *Martsch v. Martsch*, 103 Idaho 142, 645 P.2d 882 (1982). The measure of reimbursement is the increase in value of the property attributable to the community contribution, not the amount or value of the community contribution. *Id.* The party seeking reimbursement to the community carries the burden of proving that the community expenditures have enhanced the value of the separate property, and the amount of the enhancement. *Suter v. Suter*, 97 Idaho 461, 546 P.2d 1169 (1976).

 After Mrs. Sherry acquired the property, it was used by her as rental property. Sherry family members and friends did some repair and remodeling work to make the dwelling rentable. Nonetheless, no evidence was presented at trial demonstrating the amount of value enhancement due to community contributions. The record does indicate the separate property value increased approximately $20,000 in the six years preceding the

divorce. However, natural increase in value of the property retains the status of the underlying property. *Martsch v. Martsch, supra.* Mr. Sherry presented evidence of community expenditures made on the separate property, but he presented no evidence of the amount of increase in value of the property attributable to the community expenditures. Without evidence to demonstrate the amount of enhancement resulting from community contributions, the district judge correctly concluded the community was not entitled to reimbursement for contributions to the separate real property.

### 3. The wife's retirement pension.

In her cross appeal, Mrs. Sherry maintains that the district court erred by treating a pension fund earned through her employment as community property. Our Supreme Court has already held that a pension fund that is a form of deferred compensation is a community property asset to the extent the fund is acquired during coverture. *Shill v. Shill,* 100 Idaho 433, 599 P.2d 1004 (1979). Thus, because Mrs. Sherry's interest in the pension was earned during the marriage, the entire value of the pension was a community asset.

Mrs. Sherry also insists, if her pension is community property, that the husband's contribution to the federal social security program should be treated as community property. We disagree. Congress is authorized to provide that an interest in certain federal retirement benefits may not be divided in a divorce proceeding. *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). Even if a particular pension is not expressly excepted from division in a divorce proceeding, the pension may implicitly be exempt if the federal law and state law are in actual conflict and the state law does major damage to the clear and substantial governmental interest involved in the federal scheme. *United States v. Yazell,* 382 U.S. 341, 86 S.Ct. 500, 15 L.Ed.2d 404 (1966). In such a case, the supremacy clause of the United States Constitution requires that the federal law be given effect over the state law. *Id.* Few

cases have decided whether a state's community property laws may require a division of future retirement benefits payable under the federal social security program. Several California cases have determined that the federal law embodied in the Social Security Act and the state community property laws are in actual conflict and that the federal law preempts the application of the state laws. *In re Marriage of Hillerman,* 109 Cal.App.3d 334, 167 Cal.Rptr. 240 (1980); *In re Marriage of Cohen,* 105 Cal. App.3d 836, 164 Cal.Rptr. 672 (1980); *In re Marriage of Nizenkoff,* 65 Cal.App.3d 136, 135 Cal.Rptr. 189 (1976). The California decisions were based in part on United States Supreme Court cases holding that the Social Security Act, by means of a tax, creates a public benefit that can be reduced or altered, but it does not create either contract or property rights. *In re Marriage of Nizenkoff, supra,* citing *Flemming v. Nestor,* 363 U.S. 603, 80 S.Ct. 1367, 4 L.Ed.2d 1435 (1960), and 42 U.S.C. § 1304. After concluding that the federal and state laws are in conflict, the California cases hold that "[a] ruling that social security benefits are divisible community assets would seriously interfere with the express statutory scheme of the Social Security Act and is forbidden by the supremacy clause of the United States Constitution (Art. 6, cl. 2)." *In re Marriage of Nizenkoff,* 135 Cal.Rptr. at 192. We believe the California decisions are well reasoned. We therefore hold that old age and survivor benefits under the Social Security Act are not a divisible community asset. Accordingly, the district court did not err by rejecting the wife's claim of a community interest in the Social Security benefits to be received by the husband.

### 4. Denial of the wife's request for attorney fees.

We also find no error in the trial court's denial of Mrs. Sherry's request for an award of attorney fees. Under I.C. § 32–704, the district court may award attorney fees after considering the financial resources of both parties and other factors

specified in section 32–705. The award of attorney fees under section 32–704 is discretionary with the trial court. *Martsch v. Martsch, supra.* Where a party has sufficient assets to pay attorney fees, it is not an abuse of discretion to deny a request for a fee award. *Id.* In this case, the wife has sufficient assets to pay her own attorney fees. The district court's denial of her request for an attorney fee award did not amount to an abuse of discretion.

▓ Mrs. Sherry also claims to be entitled to an attorney fee award based on I.C. § 32–718. That section, applicable to proceedings to modify a child custody order, provides that attorney fees "shall be assessed against a party seeking modification if the court finds that the modification proceeding is vexatious and constitutes harassment." As explained below, the district court did not find, nor can we find on appeal, that the husband's motion to modify the child support award was vexatious and constituted harassment. Accordingly, the wife is not entitled to an award of attorney fees under section 32–718.

### 5. *Child support award.*

We turn next to issues concerning the husband's motion to modify the child support award. We are asked first to decide a procedural question raised by the husband, *i.e.*, whether the magistrate division had jurisdiction to hear the modification motion.

As noted earlier, the husband filed a motion to modify the award, after he had also filed a notice of appeal from the district court's judgment wherein the award had been made. Also after the decree had been entered but before the husband moved to modify the child support award, a local administrative rule was adopted in the judicial district, assigning all domestic relations and divorce cases to the magistrate division. Thus, when the husband filed his modification motion he noticed it for hearing before a magistrate. The magistrate court ruled it did not have jurisdiction to entertain the motion, holding that only the district court could modify the decree while an appeal to a state appellate court was

pending. However, by stipulation of the parties, the magistrate heard the motion, as a master, and rendered findings which subsequently were submitted to the district court. Based upon the magistrate-master's findings the district court then denied the motion to modify.

At oral argument on this case, the husband's counsel informed us that he considered the question of the magistrate's jurisdiction to be moot. But he asks that we nevertheless render an opinion on the issue, for future guidance. We agree that the question is moot. We decline the husband's invitation to render an advisory opinion on a moot issue. *Lebak v. Nelson,* 62 Idaho 96, 107 P.2d 1054 (1940). We are confident of the district court's ability to resolve its own problems arising from the magistrate assignment process, if indeed any exist.

▓ We turn next to the question, on the merits, of the denial of the motion to modify child support. The husband contends the district court's decision to disallow his request for a reduction in the amount of child support payments is not supported by substantial and competent evidence. Findings not supported by substantial and competent evidence will be set aside on appeal. *See Rasmussen v. Martin,* 104 Idaho 401, 659 P.2d 155 (Ct.App. 1983). The magistrate's findings, adopted by the district court, were that the husband, although working only ten hours per week at Rocky Mountain, received a monthly income of $1424.33; that the husband could afford to pay the support ordered by the district court; and that the wife needed the support payments to remain at the level first ordered. These findings are supported by substantial and competent evidence in the record. Based on these findings, the district court did not err by denying the husband's request for a modification in the child support award.

### 6. *Attorney fees on appeal.*

Both parties request an award of attorney fees on appeal. The award of attorney

fees in a divorce action is controlled by I.C. § 32–704. Because of the remand to determine the disposition of the Rocky Mountain stock we are faced with an incomplete record upon which we can consider the factors required under I.C. § 32–704 in order to award attorney fees. Therefore, we instruct the district court on remand to determine whether an award of attorney fees, for this appeal, should be made to either party. *See, e.g., Donndelinger v. Donndelinger, supra.*

The portion of the divorce decree affecting the Rocky Mountain stock and assets is vacated and remanded for additional findings. The balance of the decree is affirmed. No costs on appeal.

BURNETT and SWANSTROM, JJ., concur.