88 P.3d 1210

Michael James LARSON, Plaintiff–
Respondent–Cross Appellant,

v.

Billie Joyce LARSON, Defendant–
Appellant–Cross Respondent.

No. 30106.

Supreme Court of Idaho,
Boise, March 2004 Term.

March 31, 2004.

Swafford Law Office, Chtd., Idaho Falls,
for appellant. Ronald L. Swafford argued.

Rigby, Thatcher, Andrus, Rigby, Kam &
Moeller, Chtd., Rexburg, for respondent.
Jerry R. Rigby argued.

EISMANN, Justice.

The sole issue we are addressing on this
appeal is whether the magistrate court could
allocate in the property division the loss in
value of community property caused by the
manner in which the magistrate divided the
property. We hold that it could not. We do
not address the other issues in this appeal
which were resolved by the opinion issued by
the Idaho Court of Appeals.

## I. FACTS AND PROCEDURAL HISTORY

The parties were divorced after thirteen
years of marriage. During their marriage,
Michael Larson (Michael) worked as an or-

thopedic physician and Billie Joyce Larson (Billie) worked as a psychologist and then in Michael's medical practice. They acquired substantial community property, including several parcels of real property that they had combined into a 531 acre ranch. The magistrate judge found that the fair market value of all community property totaled $3,024,529 and that the fair market value of the ranch was $1,360,000. They apparently had no community debts.

The parties used the ranch for a cow-calf operation, but the magistrate found that it was not a viable economic operation because it could only operate with the infusion of money from Michael's orthopedic practice. Billie wanted the ranch awarded to her, and Michael wanted it partitioned between them so that he could use a portion of it for a home site. Neither of them wanted it sold. When dividing the community property, the magistrate decided to partition the ranch. He valued the portion awarded to Michael at $325,000 and the portion awarded to Billie at $655,000. The total value of both those parcels was $380,000 less than the value of the ranch if it had not been partitioned. The magistrate therefore ordered that Michael must compensate Billie for her one-half of that loss. The magistrate also awarded Billie $390,727.92 as "pre-divorce distributions" for monies that she had dissipated while the divorce was pending. Although the magistrate found that there was no compelling reason to substantially deviate from a substantially equal division of property, he awarded Billie $252,725 more in property than Michael.

Billie timely filed a notice of appeal to the district court, and Michael timely filed a notice of cross-appeal. Billie argued that the magistrate had made a mathematical error in calculating the total values of the property awarded to each party and in awarding her $390,727.92 in "pre-divorce distributions." Michael argued on cross-appeal that the magistrate erred in requiring him to compensate Billie for one-half of the diminution in value of the ranch as a result of the court-ordered partition and in making an unequal division of the community property. On appeal the district court held that the magis-

trate did not make sufficient findings with respect to the $390,727.92 in community funds that Billie dissipated while the divorce was pending and that the magistrate erred in failing to divide the community property substantially equally. It upheld the requirement that Michael reimburse Billie for her one-half of the ranch's loss in value and determined that the magistrate had not made any mathematical error. Billie again timely appealed, and Michael timely cross-appealed.

The Idaho Court of Appeals heard the appeal. It held that Billie could be awarded community property that she dissipated while the divorce was pending, but agreed with the district court that the magistrate needed to make additional findings to support the amount of that award. It held that the loss in value of the ranch could be allocated in the property division, but the magistrate abused its discretion in allocating the entire loss to Michael absent a compelling reason to do so. It also held that the property division must be adjusted so that it is equal. Billie then timely filed a petition for review with this Court, and we granted review on the sole issue of whether the diminution in value of the ranch as a result of the court-ordered partition can be allocated in the divorce action.

## II. ANALYSIS

█ When reviewing a case decided in the magistrate division that was heard on appeal by the district court and the court of appeals and has come to us on a petition for review, we give serious consideration to the views of the court of appeals and district court, but we review the decision of the magistrate court directly. *Head v. State*, 137 Idaho 1, 43 P.3d 760 (2002); *Brinkmeyer v. Brinkmeyer*, 135 Idaho 596, 21 P.3d 918 (2001). When we review an opinion of the court of appeals, we ordinarily consider all issues that were presented to it. Occasionally, as in this case, we grant review on less than all of the issues. In that circumstance, the opinion of the court of appeals remains in effect with respect to the issues on which we did not grant review.

█ Unless there are compelling reasons to do otherwise, the court in a divorce

action is required to make a substantially equal division in value, considering debts, of the community property between the spouses. *Maslen v. Maslen,* 121 Idaho 85, 822 P.2d 982 (1991); IDAHO CODE § 32–712(1)(a) (1996). The magistrate specifically found that there was no compelling reason to make an unequal division of property in this case. With respect to the ranch, the magistrate had the option of awarding it to one party with a corresponding award in value of property to the other, of ordering the ranch sold and dividing the proceeds equally between the parties, or of ordering the ranch partitioned between the parties. IDAHO CODE § 32–713 (1996). In appropriate circumstances, the trial court can also award property to one spouse and order the other to make payments over a reasonable period of time to equalize the division. *Smith v. Smith,* 124 Idaho 431, 860 P.2d 634 (1993). By exercising his discretion to order the ranch partitioned, the magistrate caused a $380,000 loss in value of the community property. Neither party has alleged on appeal that the magistrate abused his discretion in doing so. The sole issue is whether such loss, caused by the magistrate's exercise of his discretion, can be allocated to either party.

The loss in value of community property caused by the manner in which a trial court in a divorce action divides the property between the parties is neither an asset nor a debt, nor does it constitute the dissipation of community property by one of the parties. It cannot be allocated to either party, nor can it be taken into consideration in the property division. It is simply a loss caused by the conduct of the trial court. It could have been avoided in this case either by awarding the ranch to one of the parties or by ordering it sold and dividing the proceeds. The magistrate erred in holding that such loss could be allocated as part of the property division.

## III. CONCLUSION

We reverse that portion of the judgment allocating the loss in value of the ranch caused by the magistrate partitioning it between the parties. This case is remanded for further proceedings consistent with this opinion and with the opinion of the court of appeals to the extent that it does not conflict with this opinion.

Chief Justice TROUT, and Justices SCHROEDER, KIDWELL and BURDICK concur.