125 P.3d 1072

**Steve NEIBAUR, Plaintiff–Appellant,**

v.

**Penny NEIBAUR, Defendant–Respondent.**

No. 31400.

Supreme Court of Idaho,
Twin Falls, November 2005 Term.

Dec. 2, 2005.

198

Cosho Humphrey, LLP, Boise, attorneys for appellant. Stanley W. Welsh argued.

Parsons, Smith & Stone, LLP, Burley, attorneys for respondent. William A. Parsons argued.

SCHROEDER, Chief Justice.

This is a dispute regarding the value of Penny Neibaur's community property interest, if any, in Steve Neibaur Farms, Inc., upon the divorce of Steve and Penny Neibaur. The magistrate court held that the community was entitled to reimbursement in the amount of $750,000 for community efforts that enhanced the value of the corporation, and the district court affirmed. Steve appealed to the Court of Appeals, which reversed the decision of the magistrate court. This Court granted a Petition for Review filed by Penny.

## I.

### FACTUAL AND PROCEDURAL BACKGROUND

The Court of Appeals stated the facts as follows:

Steve and Penny Neibaur married in 1982. At that time, Steve was the sole shareholder in Steve Neibaur Farms, Inc., which was formed by Steve approximately one year before the marriage. All shares of stock have always been held in Steve's name. To the date of divorce, Steve had directed all of the farming operations and management of the corporation, and all corporate decisions were made solely by him. Penny, who had outside employment (primarily as a school teacher), provided virtually no services to the corporate farming operation. Under Steve's direction, the corporation farmed about 2,100 acres of land and had one full-time employee and several seasonal employees. The value of the corporation increased from approximately $146,466 at the time of incorporation to $1,050,000 at the time of divorce.

In 2001, Steve filed a petition for divorce from Penny. At trial, Penny argued that the corporation was the alter ego of Steve and therefore the court should "pierce the corporate veil" and recharacterize the corporate assets as community property. In findings and conclusions rendered after a trial, the magistrate concluded that the corporation was Steve's separate property but also found that $750,000 of the increase in the value of the corporation during the marriage was due to community effort, namely Steve's services, expended for the benefit of the corporation. The magistrate further found that evidence presented at trial did not establish that the community was adequately compensated for Steve's work. As a result, the magistrate held that the community was entitled to reimbursement in the amount of $750,000 for community efforts that enhanced the value of the corporation, and the magistrate granted the community a lien in that amount against Steve's shares of stock.

Steve appealed to the district court, which affirmed the magistrate's order with regard to the corporation.

*Neibaur v. Neibaur*, 2004 WL 1699023 *1 (Ct.App.2004). The Court of Appeals reversed the decision of the magistrate court and held that the portion of the divorce decree awarding the community $750,000 and a lien in that amount against the stock of Steve's corporation be vacated. Penny filed a Petition for Review, which was granted by this Court.

## II.

### STANDARD OF REVIEW

When this Court reviews a case decided in the magistrate division that was

heard on appeal by the district court and the Court of Appeals, the Court gives serious consideration to the views of the Court of Appeals and district court but reviews the decision of the magistrate court directly. *Larson v. Larson*, 139 Idaho 970, 971, 88 P.3d 1210, 1211 (2004). The trial court's findings of fact which are based upon substantial and competent, although conflicting, evidence will not be disturbed on appeal. *Reed v. Reed*, 137 Idaho 53, 58, 44 P.3d 1108, 1113 (2002). This Court exercises free review over matters of law. *Iron Eagle Dev., LLC v. Quality Design Systems, Inc.*, 138 Idaho 487, 491, 65 P.3d 509, 513 (2003).

### III.

### THE TRIAL COURT ERRED IN UTILIZING THE CONCEPT OF PIERCING THE CORPORATE VEIL TO DETERMINE THE COMMUNITY INTEREST

■ Property owned by either spouse prior to marriage remains the separate property of that spouse under Idaho's community property laws. I.C. § 32–903. Generally, if separate property has been improved by the community effort, the community is entitled to reimbursement from the separate estate unless the community contribution was intended as a gift. *Swope v. Swope*, 112 Idaho 974, 983, 739 P.2d 273, 282 (1987). However, when the separate property is a spouse's corporation, the right of reimbursement does not follow this general rule. Instead, this Court has recognized two methods by which the community may be reimbursed from the separate property corporation. The community may be reimbursed if the community was not adequately compensated for a spouse's labor devoted to the separate property corporation. *Speer v. Quinlan, In and For Lewis County*, 96 Idaho 119, 128, 525 P.2d 314, 323 (1973). The community may also be reimbursed if the separate property corporation unreasonably or fraudulently retained earnings instead of distributing profits as dividends. *Simplot v. Simplot*, 96 Idaho 239, 242–43, 526 P.2d 844, 847–48 (1974);

*Speer*, 96 Idaho at 129–30, 525 P.2d at 324–25.

The magistrate and district courts ruled in favor of Penny regarding her argument that there is a third method by which the community may obtain a right of reimbursement from a separate property corporation. She relied upon *Sherry v. Sherry*, 108 Idaho 645, 649, 701 P.2d 265, 269 (Ct.App.1985), to support her claim that the court may pierce the corporate veil of a separate property corporation and award a share of the corporation as community property. The argument that the corporate veil may be pierced in such situations is based upon the following language of *Sherry*:

> Absent a finding that the corporate status of the business should be disregarded, she is not entitled to an award of corporate assets. *See Duke v. Duke*, 605 S.W.2d 408 (Tex.App.1980) (*corporate identity should not be disregarded in property distribution absent a showing of* a sham, fraud, or *injustice to the non-employee spouse* ).

*Id.* at 649, 701 P.2d at 269 (emphasis added). However, when this case was before the Court of Appeals, it concluded that Penny "misinterpreted" *Sherry* and pointed out that *Sherry* is distinguishable from the present case. *Sherry* dealt with a pre-divorce sale of community-owned stock and whether it should have been set aside as having been conducted fraudulently against the wife, who did not consent to the sale, whereas this case involves a community claim to stock of a separate property corporation. While the magistrate and district courts interpreted *Sherry* to have created another method for obtaining reimbursement for the community from a separate property corporation, *i.e.*, piercing the corporate veil, the Court of Appeals made it clear on appeal that it did not intend to create a third method by which the community could be compensated by a separate property corporation. Justice Walters, who authored *Sherry*, sat with the Court of Appeals in this matter and concurred in the opinion of this case. It is clear that counsel for Penny, the magistrate and district courts relied upon a rule that the Court of Appeals did not intend to establish. This is relevant in the final disposition of this case, since that reliance caused the magistrate court to approach the division of property differently than was appropriate.

The question before this Court is whether it should adopt the approach of allowing the community to be compensated by piercing the corporate veil. For cases addressing this issue see *Lifshutz v. Lifshutz*, 61 S.W.3d 511, 514 (Tex.App.2001) (a finding of alter ego sufficient to justify piercing in the divorce context requires the trial court to find: (1) unity between the separate property corporation and the spouse such that the separateness of the corporation has ceased to exist, and (2) the spouse's improper use of the corporation damaged the community estate beyond that which might be remedied by a claim for reimbursement); *Duke v. Duke*, 605 S.W.2d 408, 411 (Tex.App.1980) (the evidence did not support a finding that separateness of the corporation had ceased to exist or that conduct of the husband, as sole stockholder and president, resulted in fraud upon or injustice to the wife or a third party); *Standage v. Standage*, 147 Ariz. 473, 711 P.2d 612, 614 (Ariz.Ct.App.1985) (distinguishable from the present case since it dealt with a community property corporation, as the husband and wife were the sole shareholders of the corporation); *Colman v. Colman*, 743 P.2d 782, 786 (Utah Ct.App.1987) (to disregard the corporate entity under the equitable alter ego doctrine, two circumstances must be shown: (1) such a unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, but the corporation is, instead, the alter ego of one or a few individuals; and (2) if observed, the corporate form would sanction a fraud, promote injustice, or result in an inequity); *Young v. Young*, 168 S.W.3d 276, 283 (Tex.App.2005) (finding that the corporation was the alter ego of the husband affirmed). While there is some support for utilization of the concept of piercing the corporate veil in the division of a community property estate, it is not the majority rule.

The Court declines to adopt the remedy of piercing the corporate veil in the context of a divorce division of community property. Idaho law provides two circumstances under which the community has a right to reimbursement for labor devoted to a separate property corporation. The community may be reimbursed if the community was not adequately compensated for a spouse's labor devoted to the separate property corporation. *Speer*, 96 Idaho at 128, 525 P.2d at 323 (1973). The community may also be reimbursed if the separate property corporation unreasonably or fraudulently retained earnings instead of distributing profits as dividends. *Simplot v. Simplot*, 96 Idaho 239, 242–43, 526 P.2d 844, 847–48 (1974); *Speer*, 96 Idaho at 129–30, 525 P.2d at 324–25.

■■ If community efforts have been expended in the conduct of a separate property business, the proper inquiry in a divorce proceeding is whether the community has received fair and adequate compensation for its labor. *Speer*, 96 Idaho at 128, 525 P.2d at 323. The trial court should take the following factors into consideration: "the nature of the business, the size of the business, the number of employees, the nature and extent of community involvement in the conduct of the business, the growth pattern of the business," and then decide whether the over-all compensation received by the community is equivalent to the compensation which a business would have had to pay to secure a non-owner employee to perform the same services. *Id.* In this case the magistrate court found the evidence did not establish whether Steve was adequately compensated or the amount of any deficiency. The burden is on the spouse asserting the claim for reimbursement, pursuant to *Swope*, 112 Idaho at 983, 739 P.2d 282, and Penny failed to produce evidence to show what would be adequate compensation. In fact, she successfully objected when Steve offered such evidence, so the particular issue was not appealed. *Neibaur v. Neibaur*, 2004 WL 1699023 *8 (Ct. App.2004).

■■ The community may also be reimbursed if the separate property corporation unreasonably or fraudulently retained earnings instead of distributing profits as dividends. *Speer*, 96 Idaho at 129–30, 525 P.2d at 324–25. The Court of Appeals correctly stated that the earnings and profits of a corporation remain the property of the corporation, and shareholders do not have property rights in a corporation's retained earnings until those earnings are distributed to

shareholders as dividends. *Swope,* 122 Idaho at 301, 834 P.2d at 303; *Simplot,* 96 Idaho at 242, 526 P.2d at 847. The income to the shareholder is community property once distributed as dividends. I.C. § 32–906; *see Speer,* 96 Idaho at 129, 525 P.2d at 324. The Court has recognized that a shareholder spouse with sufficient control of a separately held corporation can cause earnings to be inappropriately retained rather than distributed as dividends, to the detriment of the community. *Swope v. Swope,* 122 Idaho 296, 301, 834 P.2d 298, 303 (1992); *Simplot,* 96 Idaho at 243, 526 P.2d at 848; *Speer,* 96 Idaho at 129, 525 P.2d at 324. To the extent that the retention of the net earnings of the corporation is unreasonable from a business point of view or was done to defraud the community, the community is entitled to reimbursement. *Simplot,* 96 Idaho at 243, 526 P.2d at 848; *Speer,* 96 Idaho at 129, 525 P.2d at 324.

In the present case, Steve was in a position to control the retention of corporate earnings and his compensation. The magistrate court found that Steve had not defrauded the community in his operation of the corporation, but it did not address whether any retention of earnings or his compensation was unreasonable from a business standpoint. While a case of this nature would normally be decided on Penny's failure of proof, it appears that counsel for Penny and the magistrate court relied upon an approach they thought to be approved by the Court of Appeals. Consequently, the Court remands the case for a determination of the division of property pursuant to the principles set forth in this case.

## IV.

## NO ATTORNEY FEES ARE ALLOWED

Steve requests attorney fees and costs incurred in defending the Petition for Review pursuant to I.C. § 12–121, I.R.C.P. 54(e)(1), and I.A.R. 41. The applicability of the concept of piercing the corporate veil in order to classify corporation assets as community property when the corporation is the alter ego of one spouse is an issue of first impression. Penny defended a position accepted by the magistrate and district courts. She did not pursue the Petition for Review frivolously, unreasonably, or without foundation. No attorney fees are allowed.

## V.

## CONCLUSION

The magistrate court's order awarding $750,000 to the community and the lien against Steve's shares of stock in that amount is vacated. The case is remanded for distribution of property in accordance with this decision. The magistrate court may, in its discretion, take additional evidence. Costs are awarded to Steve Neibaur. No attorney fees are allowed.

Justices TROUT and JONES and Justices Pro Tem KIDWELL and DENNARD concur.