Rosario LOPEZ, Individually, etc. et al., Appellants,

v.

FOREMOST PAVING, INC., et al., Appellees.

No. 04–84–00032–CV.

Court of Appeals of Texas, San Antonio.

July 31, 1985.

Rehearing Denied Oct. 24, 1985.

Terry A. Canales, Alice, Timothy Patton, Groce, Locke & Hebdon, San Antonio, for appellants.

Paul J. Raleigh, Law Office of Guy Allison, Corpus Christi, San Antonio, Larry G. Black, Asst. Atty. Gen., Austin, for appellees.

Before BUTTS, TIJERINA and STOREY,* JJ.

## ON APPELLANT'S MOTION FOR REHEARING

STOREY, Justice (Assigned).

We grant appellant's motion for rehearing, withdraw our original opinion of June

---

* Assigned to this case by the Chief Justice of the Supreme Court of Texas as authorized pursuant to Paragraph (d) of Article 1812, Texas Revised Civil Statutes as amended by H.B. 2244 (Acts 1983, 68th Leg., p. 1912, Ch. 354, Sec. 1, eff. June 16, 1983).

12, 1985, and substitute the following as our opinion.

Rosario Lopez, individually and as next friend of her minor children, sued Foremost Paving, Inc., Motherall Contractors, Inc., and the State Department of Highways and Public Transportation seeking damages for personal injuries. The injuries resulted from a head-on collision between a pickup truck in which Lopez and her children were passengers and a tractor-trailer driven by Baldemar Garcia. The collision occurred at a point on U.S. Highway 281 which was then undergoing resurfacing repairs. Lopez alleged that the State and the contractors were negligent in failing to require and in failing to provide warning signs, barriers, and center striping along the section of highway under repair. The case was submitted on a single negligence issue which was answered adversely to Lopez, and she has appealed, urging that the jury finding was against the great weight and preponderance of the evidence. Additionally, Lopez complains that the trial court allowed the defendants a disproportionate number of peremptory challenges to the jury resulting in a trial which was materially unfair. We affirm.

We first consider the state of the evidence under Lopez' "great weight and preponderance" point of error. In this connection we observe that the negligence issues is one upon which Lopez had the burden of proof, and the jury found in effect that the burden was not carried. Consequently, Lopez must first disprove the jury finding and then prove the reverse, that is, demonstrate by the evidence that the burden was carried. Furthermore, the failure of the jury to find the fact upon which Lopez has the burden of proof need not be supported by affirmative evidence. *Traylor v. Goulding*, 497 S.W.2d 944 (Tex.1973); Calvert, *No Evidence and Insufficient Evidence Points of Error*, 38 TEXAS L.REV. 361 (1960). We will apply these standards to the evidence presented. .

■ The record reveals that the pickup truck in which Lopez and her children were riding was driven by her husband Salome, who died at the scene of the accident. The pickup was travelling in a northerly direction when it collided head-on with the tractor-trailer. It is undisputed that the day before the collision, on his southward journey, Salome had driven along the same stretch of resurfaced highway and that he had driven the highway on several other occasions before the date of the collision. There was evidence before the jury from which it could reasonably infer that Salome was in a severe state of fatigue, that he fell asleep at the wheel, and that he veered into the opposing lane of traffic. It is not disputed that the pickup was in the opposing lane of traffic—the conflict in the evidence is whether it was wholly or only partially across the center line. The highway was shrouded in fog at the time of the collision.

Lopez alleged negligence in several particulars with respect to the presence or, alternatively, the inadequacy of warning signs and center striping along the highway. The proof was inescapable, however, that there were ample barricades and signs with flashing lights along the highway and that temporary center striping was provided. This is apparent because the only negligence issue submitted was whether there was a failure to use *adequate* center striping, and no complaint is made with respect to the submission.

The record reveals further that the center striping in place conformed to the temporary striping standard called for by the TEXAS MANUAL FOR UNIFORM TRAFFIC CONTROL DEVICES. It consisted of four inch by one foot yellow reflective material at forty foot intervals. The striping was clearly visible to the tractor-trailer driver, Garcia, who was the only eyewitness to testify. The investigating officer, Solis, confirmed that the striping was in place. The State's resident engineer, Delfino Garcia, testified that the striping was in place and that it was adequate for the existing conditions. Similar testimony came from the State's expert on temporary striping, Dr. Donald Lee Woods of Texas A & M University.

Lopez urges, however, that the striping used was the minimum called for by the Texas Manual and that the minimum was not adequate for areas known to be subject to fog. Lopez had no personal recall of the circumstances surrounding the collision. She offered the expert opinion of Darcy Sullivan who testified that four foot stripes at forty foot intervals or one foot stripes at twenty foot intervals would be adequate. Both Sullivan and Woods, the State's expert, seemed to agree, however, that where a continuous line of demarcation was clearly visible to the driver's right, the intervals of the center stripe were less significant. Here the line of demarcation was provided by the contrast between the black asphalt road surface and the white crushed rock shoulder to the driver's right. Additionally, Sullivan virtually conceded that Garcia, the resident highway engineer who was experienced in designing and building roadways in the area, was in "as good a position or maybe a little better position than I am" to express an opinion on the adequacy of the striping.

Finally, the physical evidence presented to the jury demonstrates that Garcia observed the pickup, at least partially in his lane of traffic, in time to attempt evasive action. No such action on the part of the pickup driver was demonstrated. The physical evidence reveals also that the pickup had crossed the center line one hundred to two hundred feet before the collision and that it had traversed about twelve miles of highway construction before reaching the point of collision.

In review of the record, it is clear that, despite the several acts of negligence alleged, the case was finally reduced to one issue—not whether a center stripe was in fact present but whether the one in use was adequate under the circumstances. The only evidence offered to prove inadequacy was the opinion testimony of Lopez' expert Sullivan. The jury obviously chose to accept the controverting testimony offered by the State and the contractors. We are persuaded that the jury's finding was not against the great weight and preponderance of the evidence.

Nor can we agree with Lopez' contention that the evidence was so sharply conflicting as to demonstrate that she was not afforded a fair trial. This contention is urged under her principal ground for reversal, namely, that the trial court erred in ordering a disproportionate number of jury challenges—twelve to the defendants' side and six to the plaintiff's. Citing well-settled authority Lopez argues that when the evidence is sharply conflicting and the issues closely contested, a mere showing of error in awarding disproportionate peremptory challenges is sufficient to demonstrate reversible error. *See Patterson Dental Co. v. Dunn,* 592 S.W.2d 914 (Tex.1979); *Perkins v. Freeman,* 518 S.W.2d 532 (Tex. 1974); *Roy L. Martin & Associates v. Renfro,* 483 S.W.2d 845 (Tex.Civ.App.—San Antonio, 1972, writ ref'd n.r.e.). We first consider whether error occurred in the allocating of peremptory challenges.

■ The ultimate inquiry in deciding this question is whether, after the alignment of parties plaintiff and defendant, it is apparent that any of the litigants on the same side are antagonistic with respect to any issue to be submitted to the jury. *Patterson Dental Co. v. Dunn,* 592 S.W.2d at 918. Here the State and the contractors were aligned as defendants and were allowed a total of twelve peremptory challenges. The contractors filed a cross-action against the State for contribution and the State sued the contractors for contractual indemnity and for subrogation. Otherwise no party on the defendant's side prayed for affirmative relief against the other. Furthermore, neither prayed that the other's negligence was the sole cause of the collision. *See Tamburello v. Welch,* 392 S.W.2d 114 (Tex.1965).

It is generally conceded that question of indemnity, contribution and subrogation are questions of law. *See Shell Chemical Co., et al. v. Lamb,* 493 S.W.2d 742 (Tex. 1973); *Employers Casualty Co. v. Peterson,* 609 S.W.2d 579 (Tex.Civ.App.—Dallas 1980, no writ). Thus it is seen that, here, the parties defendant were not antagonistic

with respect to an issue to be submitted to the jury. On the contrary, it is clear from the record that the parties defendant had a common purpose and that was to defeat the claims of negligence asserted by the plaintiff. Under these circumstances we conclude that the trial court was in error in apportioning the peremptory challenges as it did.

■ Having reached this conclusion we must determine if the error resulted in a trial which was materially unfair thus requiring reversal. *Patterson Dental Co. v. Dunn*, 592 S.W.2d at 920. TEX.R.CIV.P. 434 and 503. In *Patterson*, the court stated:

> Whether any such error resulted in a materially unfair trial, however, must be decided from an examination of the entire record. For example, in a case in which the complaining party failed to prove his cause of action or defense, an error in allocating or equalizing strikes could not be said to have resulted in a materially unfair trial. On the other hand, when the trial is contested and the evidence is sharply conflicting, the error results in a materially unfair trial without showing more.

*Patterson Dental Co. v. Dunn*, 592 S.W.2d at 921.

Here, we have reviewed the evidence under Lopez' great weight and preponderance point of error. This review leaves no doubt that some aspects of the case were closely *contested*. We are persuaded, however, that the evidence going to the negligence issue was not so sharply *conflicting* as to demonstrate that a materially unfair trial resulted. In other words, we cannot say that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment." TEX.R.CIV.P. 434.

■ Closely akin to Lopez' complaint concerning the allocation of strikes is her point of error regarding the defendants' exercise of peremptory challenges to exclude jurors who possessed Hispanic surnames. We find no merit to the complaint.

The record shows that at least three of the serving jurors bore Hispanic surnames. Because we are not furnished with a record of the *voir dire* examination, we are unable to determine if one or more of these jurors were, in fact, of Mexican-American descent; or, for that matter, whether others on the jury or among those excluded, were, in fact, of Mexican-American descent. No showing of racial bias is attempted. For all our record shows those excluded from the panel might have had some knowledge of the case, some affiliation with a party, or some other predisposition which would prevent their being fair and impartial jurors. We cannot presume to the contrary.

The judgment of the trial court is affirmed.