**Rosario LOPEZ, Individually and as Surviving Spouse of Salome Lopez, Deceased, a/n/f of Jo Ann Ruiz, Adan Lopez, and Patricia Lopez, Petitioners,**

v.

**FOREMOST PAVING, INC., et al., Respondents.**

No. C–4826.

Supreme Court of Texas.

May 14, 1986.

Timothy Patton and Thos H. Crosts, Jr., Groce, Locke & Hebdon, San Antonio, for petitioners.

Jim Mattox, Atty. Gen. and Larry G. Black, Asst. Atty. Gen., Austin, Paul J. Raleigh, Law Offices of Guy Allison, Corpus Christi, for respondents.

PER CURIAM.

The question in this appeal is whether the trial court's error in awarding peremptory strikes resulted in a materially unfair trial. The court of appeals affirmed the trial court's judgment, holding that although the trial court erred in awarding defendants twice the number of strikes plaintiffs received, it was harmless error because the error was not one which amounted to such a denial of rights as was reasonably calculated to cause and probably did cause the rendition of an improper judgment under Tex.R.Civ.P. 434. 699 S.W.2d 232. Pursuant to Rule 483, Tex.R. Civ.P., we grant the writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and remand the cause to the trial court for a new trial.

Lopez argues the court of appeals applied the wrong test in determining whether the trial court's awarding of strikes resulted in reversible error. We agree. While it is generally true that error in the trial court is reversible when it causes the rendition of an improper judgment, the traditional "harmless error" rule has been relaxed when the trial court has committed error in awarding strikes. In *Patterson Dental Co. v. Dunn*, 592 S.W.2d 914 (Tex.1980), we recognized that a complaining party who has been wronged by an error in awarding of peremptory strikes theoretically has an overwhelming burden. In that case, we established a rule which requires the complaining party to show that "the trial which resulted against him was *materially unfair* without having to show more." *Id.* at 921. (Emphasis added).

Whether an error in awarding strikes resulted in a materially unfair trial must be decided from an examination of the entire trial record. If the trial is hotly contested and the evidence sharply conflicting, the error [in awarding strikes] results in a materially unfair trial without showing more. *Garcia v. Central Power & Light Co.*, 704 S.W.2d 734, 737 (Tex.1986).

In this case, plaintiffs sued the State Department of Highways and Public Transportation, Foremost Paving, Inc. and Motheral Contractors, Inc. for personal injuries they received after the truck in which they were riding collided head-on with a tractor-trailer. Plaintiffs alleged that the temporary striping on the recently repaved highway was inadequate in light of the well-known propensity for heavy fog in the area. Plaintiffs alleged that the driver of the truck unwittingly veered into the opposing lane of traffic because he was unable to see the temporary striping due to the heavy fog at the time of the collision. The defendants answered, arguing that the driver of the truck simply fell asleep and veered into the wrong lane.

From a review of the record, we find that the trial was hotly contested and the evidence conflicting. Plaintiffs' witness testified that the driver of the truck was awake at the time of the collision while defendants' witnesses opined that he was asleep. Plaintiffs' expert testified that the temporary striping was inadequate in light of the heavy fog which frequently engulfed that area of the highway. Defendants' witnesses testified that the temporary striping was adequate because it met the minimum standards set by the federal government. On cross-examination, however, the defendants' experts admitted that the minimum standards applied to normal conditions; that they were aware that heavy fog frequently enshrouded the area; and that the existence of heavy fog was a hazardous rather than normal condition. Plaintiffs' witnesses testified the fog that morning was so thick that the striping was invisible, while defendants' witnesses testified the striping was visible in spite of the fog. Plaintiffs' witnesses testified the Lopez vehicle was only partially on the wrong side of the road, while Defendants' witnesses testified the Lopez vehicle was completely on the wrong side of the road. Furthermore, although the jury found that plaintiffs incurred over $700,000 in damages, the jury was originally deadlocked on the liability issue 5–7 in favor of defendants. While the final verdict was 10–2, the fact that the jury was deadlocked at one point shows that the jury believed there was a sharp conflict in the evidence and that the trial was seriously contested.

Two other significant factors are that defendants used their ostensibly antagonistic positions unfairly by having one defendant call a witness to establish the adequacy of the temporary striping, asking a few perfunctory introductory questions, and then quickly turning the witness over to the co-defendant for "cross-examination" by leading questions. In *D.G. Counsel v. Bankers Comm. Life Ins. Co.*, 558 S.W.2d 487, 488–89 (Tex.Civ.App.—Beaumont 1977, writ ref'd n.r.e.), the court held the fact that one party would call a witness and then the other purportedly antagonistic party would "cross-examine" established the material unfairness which resulted from two non-antagonistic parties being given six peremptory strikes each. Second, defendants collaborated on the exercise of their strikes and did not have any double strikes. Lastly, defendants neither presented motions for summary judgment nor ever requested an instructed verdict.

Given these circumstances, we hold that this trial was hotly contested and resulted in a materially unfair trial as a matter of law. Plaintiffs were only required to show that the evidence was conflicting and hotly contested to prove the error resulted in a materially unfair trial. We believe they have done this.

Accordingly, because the court of appeals' opinion conflicts with *Garcia v. Central Power & Light Co.*, 704 S.W.2d 734 (Tex.1986), and *Patterson Dental Co. v. Dunn*, 592 S.W.2d 914 (Tex.1979), pursuant to Tex.R.Civ.P. 483, and without hearing oral argument, we reverse the judgment of the court of appeals and remand the cause to the trial court for a new trial.