**Dora Alicia Rios VARGAS, Individually, and as Next Friend for Ricardo Vargas, Jr. and Randy Lee Vargas, Minors, Appellant,**

v.

**Leon FRENCH, d/b/a Tarpon Auto Sales and Arnoldo B. Garza, Appellees.**

No. 13–86–189–CV.

Court of Appeals of Texas, Corpus Christi.

Aug. 29, 1986.

Rehearing Denied Sept. 30, 1986.

Jeffrey L. Jackson, Greg M. Powers, Koppel, Ezell, Jackson & Powers, Harlingen, for appellant.

John E. Lewis, Robin W. Welch, Rose M. Guerra, Lewis, Pettitt & Skaggs, McAllen, Juan M. Pena, Pharr, for appellees.

Before BENAVIDES, UTTER, and DORSEY, JJ.

## OPINION

BENAVIDES, Justice.

Dora Vargas appeals a take-nothing judgment in a personal injury suit against Leon French, d/b/a Tarpon Auto Sales and Arnoldo Garza. We reverse and remand.

Appellant and her children were injured when the car she was driving was struck by a Chevrolet Blazer, traveling on the wrong side of the highway, occupied by two drunk individuals. Vargas sued French alleging that he had negligently entrusted the vehicle to defendant Arnoldo Garza, a drunk, reckless, and incompetent driver. She sued Garza alleging negligence in the operation of French's vehicle. Both Garza and French filed answers denying that Garza was the driver at the time of the accident. The jury failed to find that Garza was the driver at the time of the accident. Having failed to find Garza was the driver, it follows that the jury also failed to find that Garza was negligent in the operation of the vehicle at the time of the collision.

By her first five points of error, appellant complains the trial court committed reversible error in its allocation of peremptory challenges. She argues that no antagonism existed between the defendants as a matter of law and that the trial court's allocation of challenges resulted in a materially unfair trial. The trial court gave Vargas, French and Garza six peremptory challenges each. Appellant filed a motion to equalize strikes alleging that the defendants were aligned, and a motion to prevent the defendants from collaborating on their peremptory challenges. Both motions were denied by the trial court prior to the commencement of the voir dire examination. These objections were also urged in appellant's motion for new trial.

TEX.R.CIV.P. 233 provides that each party to a civil suit shall be entitled to six peremptory challenges. The term "party" refers to a litigant or group of litigants who have *essentially* common interests. *Patterson Dental Co. v. Dunn,* 592 S.W.2d 914, 917 (Tex.1979); *Perkins v. Freeman,* 518 S.W.2d 532, 533 (Tex.1974). When allocating challenges in cases involving multiple litigants on one side of the lawsuit, the trial court must determine whether any litigants are antagonistic concerning an issue of fact that the jury will decide. *Garcia v. Central Power & Light Co.,* 704 S.W.2d 734 (Tex.1986). The existence of antagonism is a question of law. *Id.* at 736. The trial court must consider pleadings, information disclosed by pre-trial dis-

covery, information disclosed by the voir dire examination and any other information brought to the trial court's attention before the exercise of strikes in order to determine whether there is antagonism. *Id.* at 737.

In this case, the defendants were united in denying that defendant Garza was the driver. Both alleged that a third party, Francisco Espinoza, was driving the Blazer at the time of the accident. Appellant's pleadings allege French's negligence based upon both an agency and negligent entrustment theory. French specifically denied that Garza was his agent. The proposed special issues, filed one day prior to trial, show that the case was going to be tried on a negligent entrustment theory. In a negligent entrustment case, the liability of the entrustor is predicated upon his knowledge that the entrustee is unlicensed, incompetent or reckless and that the entrustee's negligence on the occasion in question proximately caused the accident. *Williams v. Steves Industries, Inc.,* 699 S.W.2d 570, 571 (Tex.1985); *Mundy v. Pirie-Slaughter Motor Co.,* 146 Tex. 314, 206 S.W.2d 587, 591 (1947).

The pleadings reflect no antagonism between defendants French and Garza. Nothing occurred during the voir dire examination to show that the parties were not aligned. There were no fact issues submitted for the jury's decision which reflect adversity between the defendants. An ordinary negligent entrustment case, by definition, presupposes essentially common interests once knowledgeable entrustment is shown. The entrustor may be found liable only if the entrustee's negligence is the proximate cause of the accident. Obviously, both the entrustor and entrustee would attempt to minimize the entrustee's negligence in order to escape liability.

▆ We find that the trial court erred in allowing the defendants a total of twelve strikes to plaintiff's six strikes because there was no antagonism between the defendants. We must now decide, through an examination of the entire record, if this error caused a materially unfair trial. *Lo-*

*pez v. Foremost Paving, Inc.,* 709 S.W.2d 643, 29 Tex.Sup.Ct.J. 371 (1986). If the trial is hotly contested and the evidence sharply conflicting, the error results in a materially unfair trial. *Id.; Garcia,* 704 S.W.2d at 737.

The primary area of conflict in this case concerned who was driving the car when the accident occurred. Appellant's witness, Noe Garza, testified that he saw the accident happen and was at the scene within seconds. According to Garza, appellee Arnoldo Garza was unconscious on the driver's side and Espinoza was unconscious on the passenger side of the Blazer. Officer Joe Castillo testified that Garza admitted at the scene that he was driving at the time of the accident. Francisco Espinoza also testified that appellee Garza was driving at the time of the accident. Appellee Garza's relatives, Dolores Garza, Antonio de la Rosa and Leandro Gutierrez, each testified they heard appellant tell the police that Espinoza, not Garza, was the driver. Appellee Garza testified that he did not know who was driving at the time of the accident because he was drunk. However, Garza located the Blazer several months after the accident and found particles of black hair on the passenger side of the vehicle. There was testimony that Espinoza had red hair. On cross-examination, Noe Garza testified that the individual on the passenger side had a gash in his forehead, but he did not observe blood on the face or head of the individual lying on the passenger side. There was testimony that Garza required twelve stitches for a head wound while Espinoza required no stitches. The examination of the witnesses showed clearly that the defendants were aligned in attempting to prove Espinoza was the driver and the evidence was sharply conflicting.

The verdict was 10–2 on the issue of whether Garza was driving at the time of the accident. The defendants did not duplicate any peremptory challenges. Appellant met her burden of showing that the trial was hotly contested and the evidence sharply conflicting. We hold that the error resulted in a materially unfair trial.

**628**

Although appellant's other points may be meritorious, they are unnecessary to the disposition of this appeal and we decline to address them. TEX.R.CIV.P. 451. We sustain appellant's second and fourth points of error.

The judgment of the trial court is REVERSED and REMANDED for a new trial.