Armon Alan GOSS, Teresa A. Goss, Bryan Hall, Carol Hall, Sean Hall, Shane Hall, Roby G. Plemons, Karen Plemons, Jessica Plemons, Jeffery C. Kuper, Diane Kuper, Sarah Kuper, Erin Kuper, and Pacific Employers Insurance Company, Appellants

v.

KELLOGG BROWN & ROOT INC., individually and as successor in interest to the M.W. Kellogg Company, Appellee.

No. 14–05–00050–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 16, 2007.

Jim S. Hart, Dwight E. Jefferson, John Eddie Williams, Jr., Richard N. Countiss, Scot Gibbons Dollinger, Amy C. Eikel, Houston, TX, for appellants.

Craig Joseph Ledet, H. Victor Thomas, Michael W. Cramer, R. Bruce Hurley, Reagan W. Simpson, Robert E. Meadows, Houston, TX, for appellees.

Panel consists of Justices ANDERSON, EDELMAN, and FROST.

## MAJORITY OPINION

RICHARD H. EDELMAN, Justice.

In this personal injury action, Armon Alan Goss, Teresa A. Goss, Bryan Hall, Carol Hall, Sean Hall, Shane Hall, Roby G. Plemons, Karen Plemons, Jessica Plemons, Jeffery C. Kuper, Diane Kuper, Sarah Kuper, Erin Kuper, and Pacific Employers Insurance Company, (collectively, "appellants") appeal a take-nothing judgment rendered in favor of Kellogg Brown & Root, Inc. ("KBR"), individually and as successor in interest to the M.W. Kellogg Company, on several grounds. We affirm.

After an explosion and fire on March 27, 2000 (the "explosion") at the Houston K-Resin Unit (the "plant") of Phillips Petroleum Company ("Phillips"), appellants sued KBR for negligence. At trial, the jury did not find KBR negligent, and the trial court entered a take-nothing judgment against appellants. Appellants challenge this judgment on the grounds that the trial court erred in admitting and excluding various items of evidence and in allowing KBR to use a peremptory challenge improperly. Because appellants' third issue is central to our disposition of this case, we address it first.

■ That issue contends that the trial court erred in excluding a critical portion of the opinion of appellants' expert witness, George Melhem, because it was relevant and reliable. The explosion occurred after a tank (the "tank"), holding a highly reactive form of butadiene, was closed off to be serviced, but the material remaining inside the tank was not removed before chemical reactions inside the tank progressed to create more pressure than the tank could contain. Appellants alleged that when KBR was hired in 1995 to review the documentation for pressure relief systems at the plant,[1] it should have recognized that the pressure detection, relief, and warning system for the tank was inadequately designed and recommended a better safety system for the tank, including: (1) a larger pressure relief valve and other pressure monitoring and relief devices to prevent it from exploding; and (2) warning mechanisms to alert workers to evacuate the area if an explosion is imminent.

KBR contended, in part, that the size of the pressure relief valve on the tank was not a cause of the explosion because a downstream block valve had been closed, preventing the relief valve from operating at all, i.e., regardless of its size. Among other things, appellants sought to counter this contention with Melhem's opinion that the tank would have ruptured even if the relief valve had not been disabled because it was too small to relieve the amount of pressure that had built up inside the tank. KBR moved to strike this opinion on the grounds that it was not: (1) relevant because it did not address the circumstances that actually occurred, but only those that might have occurred under other circumstances; or (2) reliable because it was speculative and based on invalid assumptions and calculations.[2] The trial court granted this motion.

■ As applicable here, the proximate cause element of a negligence claim requires proof of "cause in fact," which, in this case, is whether KBR's alleged negligence was a substantial factor in causing the explosion or injuries without which either would not have occurred. See West-

---

1. Although the parties dispute the scope of the work undertaken by KBR in 1995, we do not address that issue because our disposition turns on other considerations.

2. See, e.g., Cooper Tire & Rubber Co. v. Mendez, 204 S.W.3d 797, 800–01 (Tex.2006).

*ern Invs., Inc. v. Urena,* 162 S.W.3d 547, 551 (Tex.2005). Conversely, if KBR's alleged negligence merely furnished a condition that made the explosion and injuries possible, it was not a cause in fact. *See id.* Moreover, cause in fact cannot be established by mere conjecture, guess, or speculation. *Id.* In addition, to be relevant, expert testimony must be sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute. *Exxon Pipeline Co. v. Zwahr,* 88 S.W.3d 623, 629 (Tex.2002).

It is undisputed in this case that the pressure relief valve on the tank had been deliberately blocked well before the explosion and that a larger relief valve in such an inoperable condition could not have prevented or postponed the explosion. Although appellants contend that Melhem's excluded opinion, about what the relief valve would have done under different circumstances than actually occurred, is relevant to KBR's defense, appellants cite no authority or rationale to show how such evidence is probative of the actual cause in fact of the explosion or injuries under the circumstances that actually occurred, and in which the relief valve was not a factor. Because appellants' third issue thus fails to demonstrate the relevance of Melhem's excluded opinion, it is overruled.

■ With regard to appellants' remaining issues, a judgment may not be reversed on appeal unless the error complained of probably caused the rendition of an improper judgment. Tex.R.App. P. 44.1(a)(1). An error in admitting or excluding evidence satisfies this standard only where the complaining party demonstrates that the judgment turns on the complained-of evidence.[3] For an error in awarding peremptory strikes, the complaining party need only show that the trial was materially unfair, which, in turn, generally requires only a showing that the trial was hotly contested and the evidence was sharply conflicting. *Lopez v. Foremost Paving, Inc.,* 709 S.W.2d 643, 644 (Tex.1986). Because we conclude, as discussed below, that appellants failed to offer legally sufficient evidence of causation, we further conclude that the evidentiary and voir dire rulings they complain of, even if erroneous, were harmless.[4]

■ The remaining evidence that appellants rely on to show that KBR's alleged negligence was a cause of the explosion and fire consisted of Melhem's expert opinion that KBR's failure to design and recommend a better safety system for the tank caused the explosion. However, Melhem's testimony and exhibits do not contain an opinion on whether any specific combination of pressure detection, relief, and warning devices (that KBR should have designed and recommended) could or would have actually prevented the explosion or injuries.[5] Instead, he merely described in general terms various types of devices that can be used for these pur-

---

**3.** *See Nissan Motor Co. Ltd. v. Armstrong,* 145 S.W.3d 131, 144 (Tex.2004); *Interstate Northborough P'ship v. State,* 66 S.W.3d 213, 220 (Tex.2001).

**4.** *See, e.g., Case Corp. v. Hi–Class Bus. Sys. of America,* 184 S.W.3d 760, 784 (Tex.App.-Dallas 2005 pet. denied) (holding that any error in excluding damage evidence was harmless in light of decision that no evidence supported the liability finding); *In re Marriage of Higgins,* No. 07–04–0597–CV, 2005 WL 3209788, at *1 (Tex.App.-Amarillo Nov.30, 2005, no

pet.) (mem.op.) (holding that any error in excluding evidence to show economic contribution was harmless in the absence of other evidence required to support that claim).

**5.** In addition, in 1997, well after KBR completed the work that appellants contend was negligent, Phillips changed the process by which inhibitor was removed from the butadiene, making it more highly reactive. However, Melhem's opinions were based on the process that was in use after this change,

poses. Without an opinion and supporting evidence showing that some specific safety system design could and would, under the particular circumstances of this case, have actually prevented the explosion or injuries, there is no evidence that KBR's failure to formulate and recommend such a design was a cause of the explosion or injuries.[6] Because legally sufficient evidence of causation was essential to appellants' recovery, the absence of such evidence is fatal to their claims, and their other grounds for challenging the take-nothing judgment could, thus, not have caused the rendition of an improper judgment.[7] Accordingly, appellants' issues are overruled, and the judgment of the trial court is affirmed.

FROSt, J., concurring.

KEM THOMPSON FROST, Justice, concurring.

I respectfully concur.

The court correctly overrules appellants' third issue and holds that, presuming the trial court erred as asserted in appellants' other three issues, the alleged errors probably did not cause the rendition of an improper judgment because there is no legally sufficient evidence of causation. *See* TEX.R.APP. P. 44.1; *Case Corp. v. Hi–Class Bus. Sys. of Am., Inc.*, 184 S.W.3d 760, 784 (Tex.App.-Dallas 2005, pet. denied). I write separately to specifically address the evidence appellants cite as raising a fact issue as to proximate cause.

Appellants' only expert regarding the cause of the explosion was Georges Mel-

rather than that existing at the time KBR performed its work.

**6.** *See, e.g., Urena,* 162 S.W.3d at 551–52 (holding that, although landlord could have provided greater security measures, there was no evidence that any such security measures would have actually prevented the assault that occurred); *Excel Corp. v. Apodaca,* 81 S.W.3d 817, 822 (Tex.2002) ("[W]hile the evidence may show that Excel should have employed other practices and that Apodaca's injuries were work related, none of it shows that had Excel employed those other practices, Apodaca would not have been injured."); *Sw. Key Program, Inc. v. Gil–Perez,* 81 S.W.3d 269, 275 (Tex.2002) (holding that, without evidence that protective gear would have prevented the injury, there was no evidence that the failure to provide such gear was a cause of the injury). There was also no evidence in this case that the explosion or injuries would have occurred if existing plant procedures to prevent overpressurization in the tank had been followed. *Cf. Gen. Motors Corp. v. Saenz,* 873 S.W.2d 353, 359 (Tex.1993) ("If despite the inadequacy of GM's instructions, following them would have prevented the accident, then their inadequacy could not have been a cause of the accident.").

**7.** In addition to negating that the evidence was sharply conflicting, the lack of causation

evidence would have authorized the court to grant KBR's motion for directed verdict, removing the case from the jury's consideration, and thereby further rendering any error in the jury selection process harmless. In addition, any such error was also harmless in that the jury rendered a unanimous decision against appellants, such that a single vote could not have affected the verdict; and appellants' complaint pertains to an alternate juror who never participated in deliberations on the verdict. *See Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 243 (Tex. 1985) (finding no harm from improper refusal to strike a challenged juror who was a "spare"); *Brooks v. Armco, Inc.,* 194 S.W.3d 661, 667 (Tex.App.-Texarkana 2006, pet. denied), *cert. denied,* —— U.S. ——, 127 S.Ct. 1382, 167 L.Ed.2d 161 (2007) (finding no harm from alleged error in allowing peremptory strike where jury verdict was unanimous against appellant); *see also Garcia v. Cent. Power & Light Co.,* 704 S.W.2d 734, 737 (Tex. 1986) (finding harmful error from allocation of peremptory strikes based, in part, on the 10–2 verdict against the appellant); *Lopez,* 709 S.W.2d at 645 (finding harmful error in awarding strikes based, in part, on the 10–2 verdict which had originally been deadlocked 5–7).

hem, and his testimony is the only evidence that arguably could raise a fact issue as to proximate cause. Though appellants cite various parts of Melhem's testimony concerning Kellogg's alleged negligence, the following excepts are the only cited parts in which Melhem arguably addresses causation:

Q. All right. The third opinion.

A. If Kellogg engineers recognized the reactivity of [butadiene] they would have required the use of additional engineering controls to prevent this incident.

. . .

Q. Do you also believe that Kellogg was a cause of this incident?

A. Yes.

Q. Based on everything that you have seen in this case, your knowledge, your experience, your review of the standards, the industry practices, was the failure of Kellogg to provide an adequate system, layers of protection a proximate cause of this incident?

A. I'm just reading the definition. Yes, the answer is yes.

This testimony is conclusory and is not legally sufficient evidence that Kellogg's alleged negligence was a proximate cause of the explosion. *See Coastal Transport Co., Inc. v. Crown Cent. Petroleum Corp.,* 136 S.W.3d 227, 232 (Tex.2004) (stating that conclusory or speculative expert testimony is not legally sufficient). Furthermore, the butadiene tank in question had a pressure safety valve—a safety device designed to protect the tank from failing due to overpressure. Phillips disabled this valve before the explosion.

The majority correctly notes that Melhem did not identify any specific combination of pressure detection, relief, and warning devices that actually would have prevented the explosion and resulting injuries. In addition, Melhem did not testify that Kellogg should have designed or recommended a system that would have been incapable of being disabled by Phillips's employees. Even if some of the systems Melhem generally described were automatic, they would not have eliminated the potential for human error because, just as Phillips's employees disabled the pressure safety valve, they could have disabled or deactivated the described systems. It is evident from the circumstances surrounding the explosion that Phillips would have deactivated whatever pressure-relief devices were present for the butadiene tank in question.[1]

For the foregoing reasons, the evidence is not legally sufficient to support a finding that Kellogg's alleged negligence was a proximate cause of the explosion. Thus, even if the trial court erred as appellants assert in their other issues, the errors would be harmless.

---

1. *See Arguelles v. Kellogg Brown & Root, Inc.,* 222 S.W.3d 714, 728–31 (Tex.App.-Houston [14th Dist.] 2007, no pet.) (discussing similar issue regarding same explosion and same defendant in a different case, in which the summary-judgment evidence was not the same as the evidence at trial in this case).