Affirmed and Majority and Concurring Opinion filed August 16, 2007








Affirmed
and Majority and Concurring Opinion filed August 16, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00050-CV

_______________

 

ARMON ALAN GOSS, TERESA A. GOSS, BRYAN HALL, CAROL
HALL,

SEAN HALL, SHANE HALL, ROBY G. PLEMONS, KAREN PLEMONS,
JESSICA PLEMONS, JEFFERY C. KUPER, DIANE KUPER, SARAH KUPER, ERIN KUPER, and
PACIFIC EMPLOYERS INSURANCE COMPANY, Appellants

 

V.

 

KELLOGG BROWN & ROOT INC., individually and as 

successor in interest to the M.W. KELLOGG COMPANY,
Appellee

                                                                                                                                               


On Appeal from 215th District Court

Harris County, Texas

Trial Court Cause No. 02-00615

                                                                                                                                               


 

M A J O R I T Y  O P I N I O N

 








In this personal injury action, Armon
Alan Goss, Teresa A. Goss, Bryan Hall, Carol Hall, Sean Hall, Shane Hall, Roby
G. Plemons, Karen Plemons, Jessica Plemons, Jeffery C. Kuper, Diane Kuper,
Sarah Kuper, Erin Kuper, and Pacific Employers Insurance Company,
(collectively, Aappellants@) appeal a take-nothing judgment rendered in favor of Kellogg
Brown & Root, Inc. (AKBR@), individually and as successor in interest to the M. W.
Kellogg Company, on several grounds.  We affirm.

After an explosion and fire on March
27, 2000 (the Aexplosion@) at the Houston K-Resin Unit (the Aplant@) of Phillips Petroleum Company (APhillips@), appellants sued KBR for
negligence.  At trial, the jury did not find KBR negligent, and the trial court
entered a take-nothing judgment against appellants.  Appellants challenge this
judgment on the grounds that the trial court erred in admitting and excluding
various items of evidence and in allowing KBR to use a peremptory challenge
improperly.  Because appellants= third issue is central to our disposition of this case, we
address it first.

That issue contends that the trial
court erred in excluding a critical portion of the opinion of appellants= expert witness, George Melhem,
because it was relevant and reliable. The explosion occurred after a tank (the Atank@), holding a highly reactive form of
butadiene, was closed off to be serviced, but the material remaining inside the
tank was not removed before chemical reactions inside the tank progressed to
create more pressure than the tank could contain.  Appellants alleged that when
KBR was hired in 1995 to review the documentation for pressure relief systems
at the plant,[1] it should
have recognized that the pressure detection, relief, and warning system for the
tank was inadequately designed and recommended a better safety system for the
tank, including: (1) a larger pressure relief valve and other pressure
monitoring and relief devices to prevent it from exploding; and (2) warning
mechanisms to alert workers to evacuate the area if an explosion is imminent.








KBR contended, in part, that the size
of the pressure relief valve on the tank was not a cause of the explosion
because a downstream block valve had been closed, preventing the relief valve
from operating at all, i.e., regardless of its size.  Among other
things, appellants sought to counter this contention with Melhem=s opinion that the tank would have
ruptured even if the relief valve had not been disabled because it was too small
to relieve the amount of pressure that had built up inside the tank.  KBR moved
to strike this opinion on the grounds that it was not: (1) relevant because it
did not address the circumstances that actually occurred, but only those that
might have occurred under other circumstances; or (2) reliable because it was
speculative and based on invalid assumptions and calculations.[2] 
The trial court granted this motion.

As applicable here, the proximate
cause element of a negligence claim requires proof of Acause in fact,@ which, in this case, is whether KBR=s alleged negligence was a
substantial factor in causing the explosion or injuries without which either
would not have occurred.  See W. Invs., Inc. v. Urena, 162 S.W.3d 547,
551 (Tex. 2005).  Conversely, if KBR=s alleged negligence merely furnished
a condition that made the explosion and injuries possible, it was not a cause
in fact.  See id.  Moreover, cause in fact cannot be established by mere
conjecture, guess, or speculation.  Id.  In addition, to be relevant,
expert testimony must be sufficiently tied to the facts of the case that it
will aid the jury in resolving a factual dispute.  Exxon Pipeline Co. v.
Zwahr, 88 S.W.3d 623, 629 (Tex. 2002).

It is undisputed in this case that
the pressure relief valve on the tank had been deliberately blocked well before
the explosion and that a larger relief valve in such an inoperable condition
could not have prevented or postponed the explosion.  Although appellants
contend that Melhem=s excluded opinion, about what the relief valve would have
done under different circumstances than actually occurred, is relevant to KBR=s defense, appellants cite no
authority or rationale to show how such evidence is probative of the actual
cause in fact of the explosion or injuries under the circumstances that
actually occurred, and in which the relief valve was not a factor.  Because
appellants= third issue thus fails to demonstrate the relevance of Melhem=s excluded opinion, it is overruled.








With regard to appellants= remaining issues, a judgment may not
be reversed on appeal unless the error complained of probably caused the
rendition of an improper judgment.  Tex. R. App. P. 44.1(a)(1).  An error in
admitting or excluding evidence satisfies this standard only where the
complaining party demonstrates that the judgment turns on the complained-of
evidence.[3]  For an error
in awarding peremptory strikes, the complaining party need only show that the
trial was materially unfair, which, in turn, generally requires only a showing
that the trial was hotly contested and the evidence was sharply conflicting.  Lopez
v. Foremost Paving, Inc., 709 S.W.2d 643, 644 (Tex. 1986).  Because we
conclude, as discussed below, that appellants failed to offer legally
sufficient evidence of causation, we further conclude that the evidentiary and
voir dire rulings they complain of, even if erroneous, were harmless.[4]








The remaining evidence that
appellants rely on to show that KBR=s alleged negligence was a cause of
the explosion and fire consisted of Melhem=s expert opinion that KBR=s failure to design and recommend a
better safety system for the tank caused the explosion.  However, Melhem=s testimony and exhibits do not
contain an opinion on whether any specific combination of pressure detection,
relief, and warning devices (that KBR should have designed and recommended) could
or would have actually prevented the explosion or injuries.[5] 
Instead, he merely described in general terms various types of devices that can
be used for these purposes.  Without an opinion and supporting evidence showing
that some specific safety system design could and would, under the particular
circumstances of this case, have actually prevented the explosion or injuries,
there is no evidence that KBR=s failure to formulate and recommend such a design was a
cause of the explosion or injuries.[6]  Because
legally sufficient evidence of causation was essential to appellants= recovery, the absence of such
evidence is fatal to their claims, and their other grounds for challenging the
take-nothing judgment could, thus, not have caused the rendition of an improper
judgment.[7]  Accordingly,
appellants= issues are overruled, and the judgment of the trial court is affirmed.

 

 

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and
Concurring Opinion filed August 16, 2007.

Panel consists of Justices Anderson,
Edelman, and Frost.  (Frost, J., concurring)









[1]              Although the parties dispute the
scope of the work undertaken by KBR in 1995, we do not address that issue
because our disposition turns on other considerations.





[2]              See, e.g., Cooper Tire & Rubber
Co. v. Mendez, 204
S.W.3d 797, 800-01 (Tex. 2006).





[3]              See Nissan Motor Co. Ltd. v.
Armstrong, 145
S.W.3d 131, 144 (Tex. 2004); Interstate Northborough P=ship v. State, 66 S.W.3d 213, 220 (Tex. 2001).





[4]              See, e.g., Case Corp. v. Hi-Class
Bus. Sys. of Am.,
184 S.W.3d 760, 784 (Tex. App.CDallas 2005 pet. denied) (holding that any error in excluding damage
evidence was harmless in light of decision that no evidence supported the
liability finding); In re Marriage of Higgins, No. 07-04-0597-CV, 2005
WL 3209788, at *1 (Tex. App.CAmarillo Nov. 30, 2005, no pet.) (mem. op.) (holding that any error in
excluding evidence to show economic contribution was harmless in the absence of
other evidence required to support that claim).





[5]              In addition, in 1997, well after
KBR completed the work that appellants contend was negligent, Phillips changed
the process by which inhibitor was removed from the butadiene, making it more highly
reactive.  However, Melhem=s opinions were based on the process that was in use after this change,
rather than that existing at the time KBR performed its work.





[6]              See, e.g., Urena, 162 S.W.3d at 551-52
(holding that, although landlord could have provided greater security measures,
there was no evidence that any such security measures would have actually
prevented the assault that occurred); Excel Corp. v. Apodaca, 81 S.W.3d
817, 822 (Tex. 2002) (A[W]hile the evidence may show that
Excel should have employed other practices and that Apodaca=s injuries were work related, none
of it shows that had Excel employed those other practices, Apodaca would not
have been injured.@); Sw. Key Program, Inc. v.
Gil-Perez, 81 S.W.3d 269, 275 (Tex. 2002) (holding that, without evidence
that protective gear would have prevented the injury, there was no evidence
that the failure to provide such gear was a cause of the injury).  There was
also no evidence in this case that the explosion or injuries would have
occurred if existing plant procedures to prevent overpressurization in the tank
had been followed.  Cf. Gen. Motors Corp. v. Saenz, 873 S.W.2d 353, 359
(Tex. 1993) (AIf despite the inadequacy of GM=s instructions, following them
would have prevented the accident, then their inadequacy could not have been a
cause of the accident.@).





[7]              In addition to negating that the
evidence was sharply conflicting, the lack of causation evidence would have
authorized the court to grant KBR=s motion for directed verdict, removing the case from the
jury=s consideration, and thereby
further rendering any error in the jury selection process harmless.  In
addition, any such error was also harmless in that the jury rendered a
unanimous decision against appellants, such that a single vote could not have
affected the verdict; and appellants= complaint pertains to an alternate juror who never
participated in deliberations on the verdict.  See Downer v. Aquamarine
Operators, Inc., 701 S.W.2d 238, 243 (Tex. 1985) (finding no harm from
improper refusal to strike a challenged juror who was a Aspare@); Brooks v. Armco, Inc., 194 S.W.3d 661, 667
(Tex. App.CTexarkana 2006, pet. denied), cert.
denied, 127 S. Ct. 1382 (2007) (finding no harm from alleged error in
allowing peremptory strike where jury verdict was unanimous against appellant);
see also Garcia v. Cent. Power & Light Co., 704 S.W.2d 734, 737
(Tex. 1986) (finding harmful error from allocation of peremptory strikes based,
in part, on the 10-2 verdict against the appellant); Lopez, 709 S.W.2d
at 645 (finding harmful error in awarding strikes based, in part, on the 10-2
verdict which had originally been deadlocked 5-7).